[No. 14600.  Department One.  April 2, 1919.]

EMERY E. MAZE, *Respondent*, v. ADOLPH
FEUCHTWANGER *et al., Appellants.*[1]

PLEADING (112, 113) — AMENDMENT — NEW THEORY OR FORM OF
ACTION. It is not error to allow an amendment changing the theory
of the action and stating somewhat different facts, where the cause
was fully tried thereon and no surprise was claimed.

FRAUDS, STATUTE OF (8) — AGREEMENT NOT TO BE PERFORMED
WITHIN ONE YEAR. An agreement to pay a commission on a sale
of goods, in consideration of the agent's release of an option, per-
mitting a sale to another, is not within the statute of frauds as not
to be performed within one year, because no time was fixed; espe-
cially where it was fully executed on the part of the promisee.

APPEAL AND ERROR (451)—HARMLESS ERROR—ADMISSION OF EVI-
DENCE. In an action tried to the court, error cannot be predicated
on the admission of improper evidence.

BROKERS (16) — COMPENSATION — PROCURING CAUSE. A broker's
commission cannot be defeated on the ground that he was not the
procuring cause of a sale to another, when the consideration for the
promise was the broker's release of an option which he held, that
the resale could be made.

APPEAL AND ERROR (418)—REVIEW—FINDINGS. The court will not
disturb findings upon conflicting evidence, unless on careful consid-
eration it is of the opinion that they are not sustained by the weight
of the evidence.

Appeal from a judgment of the superior court for
Spokane county, Webster, J., entered February 23,
1917, upon findings in favor of the plaintiff, in an ac-
tion on contract, tried to the court. Affirmed.

*Samuel R. Stern,* for appellants.

*McCarthy & Edge* and *John E. Orr,* for respondent.

MAIN, J.—The purpose of this action was to recover
compensation for services claimed to have been ren-
dered in connection with a sale by the defendants of a
stock of goods, wares and merchandise. The issues

[1]Reported in 179 Pac. 850.

upon which the cause was tried before the court, without a jury, were made by the second amended complaint, the answer and the reply. The trial resulted in findings of fact, conclusions of law and judgment sustaining the plaintiff's right to recover. From this judgment, the defendants appeal.

The facts are substantially as follows: For some years prior to the 22d day of April, 1916, the Peerless Clothing Company, a corporation, had been engaged in the mercantile business in the city of Spokane. Adolph Feuchtwanger and wife, the appellants, were the owners of all the capital stock of the company and were actively engaged in conducting the business thereof. For many years the respondent had been in the employ of the company as head salesman. The appellants, being desirous of retiring from business on account of the failing health of Mr. Feuchtwanger, agreed to sell the entire stock of goods, wares, and merchandise, together with the furniture, fixtures, and capital stock of the company, to the respondent, for the sum of $36,000. Thereafter the respondent entered into a written contract with the Fogelquist Clothing Company, a corporation, to sell the property which the appellants had agreed to sell to him, for a price somewhat in excess of $36,000. On the 22d day of April, 1916, the parties came together for the purpose of consummating the sale and causing a transfer of the property to the Fogelquist Clothing Company. It then developed that, owing to the fact that the latter company was unable to raise the money until an inventory of the stock had been taken, the deal could not be consummated as arranged. At this conference much discussion took place, and resulted in a written contract by which the appellants sold to the Fogelquist Clothing Company the entire capital stock of the

Peerless Clothing Company and all of the stock of goods, wares, and merchandise and the furniture and fixtures above mentioned. The respondent claims that, as a consideration for release by him of any right that he had under his agreement to purchase from the appellants, and the agreement which he had made to re-sell to the Fogelquist Clothing Company, the appellants promised and agreed that they would pay him a reasonable compensation as commission for making the sale. This is unequivocally denied by the appellants. As above stated, the trial resulted in a judgment in favor of the respondent and in the sum of $900.

The appellants first seek to predicate error upon the action of the trial court in permitting the first and second amended complaints to be filed. In the original complaint, the Peerless Clothing Company was joined with the appellants as parties defendant. In the first amended complaint, the appellants alone were made parties defendant, the corporation having been dropped out of the action. The theory upon which the original and the first amended complaints were drawn was that the defendants therein named would pay to the respondent a commission upon the selling price of the stock of goods and fixtures, provided the appellant would find a purchaser therefor. In the second amended complaint, the theory of the action is that the respondent had agreed to purchase the property for the sum of $36,000, and had subsequently contracted to sell it to the Fogelquist Clothing Company for a price named, and that, to facilitate the transfer to this company, the appellants promised and agreed that they would pay to the respondent a reasonable compensation as commission for making the sale, if he would agree to release the appellants

from their option agreement to sell to him and would release the Fogelquist Clothing Company from its agreement to purchase from him.

It thus appears that the action went to trial upon a somewhat different theory and different facts from that stated in the original and in the first amended complaint, but the fact that a different theory of the action may have been stated in the complaint upon which the action went to trial, and different facts, does not necessarily prevent a recovery, if the evidence sustains the cause of action stated in the complaint upon which the case was tried. *Wilson v. Mears*, 105 Wash. 296, 177 Pac. 815. The cause was fully tried upon the second amended complaint and no surprise is claimed. Under such circumstances it would require a clear showing that some legal right of the appellants had been violated in permitting the cause to be tried upon the second amended complaint, before this court would be justified in reversing the judgment. It has become a settled practice of this court not to cause an action to be dismissed and require the parties to go out through one door in order that they may return through another, unless the law plainly requires such a disposition of the case.

The second point is that the action should have been dismissed because it was barred by the statute of frauds. In support of this contention, the statute, Rem. Code, § 5289, is relied on. That section provides that every agreement which by its terms is not to be performed in one year from the making thereof, is void. We do not see what application this statute has to the facts in the case. If the appellants made the agreement as claimed by the respondent, the compensation which he was to receive, there being no time fixed for its payment, would either be cash, or within a reasonable time. Whether the law would imply a

cash payment or one within a reasonable time it is not necessary here to determine. Assuming, without deciding, that the payment would be due within a reasonable time, it cannot be held, as a matter of law, that such reasonable time for performance of the contract would extend beyond the period of one year fixed by the statute. But, aside from this, the contract as made was an executed one. The respondent had done all that he was required to do in the fulfillment of its terms.

The third point is that the court permitted improper testimony. Without reviewing in detail the argument under this head, it may be said that we find no error in that regard. If the trial court had permitted improper testimony, since the action was tried to the court without a jury, this court would not reverse the judgment for that reason, but would disregard such testimony and decide the case upon the evidence properly to be considered.

The fourth point is, if we have properly gathered it from the brief, that the respondent cannot claim a commission unless he was the procuring cause and that the sale was in accordance with the terms imposed by the appellants. This contention overlooks the fact that the recovery was had upon the theory of an agreement to compensate the respondent for a release of the agreements which he had to purchase and sell the property and permitting the transaction to take place directly with the Fogelquist Clothing Company.

After a careful consideration of the entire record, the briefs, and authorities cited, we are unable to escape the conclusion that there is no substantial question in the case except one of fact. If the respondent made the agreement which he claims and which the

evidence introduced in his behalf tends to support, he is entitled to recover. If no such an agreement was made, as the appellants claim, and as the evidence introduced in their behalf would tend to support, then he is not entitled to recover. Upon this conflicting evidence, the trial court found that the appellants,

" . . . promised and agreed that they would pay to this plaintiff a reasonable compensation as a commission for the making of said sale, if he would agree to release the said defendants from their option agreement to sell for the net sum of $36,000 and release the said Fogelquist Clothing Company from its agreement to purchase from the plaintiff made as hereinabove set forth. That in consideration of the said premises and agreement of the said defendants to pay the plaintiff his reasonable compensation for making said sale and in procuring a purchaser able and willing to purchase said property, the plaintiff agreed to and did release the said defendants from their original option agreement, and the said Fogelquist Clothing Company from their agreement to purchase, and agreed that the negotiations for said sale might proceed between the parties direct."

A question of fact being presented, and the evidence being conflicting, this court will not disturb the finding of the trial court, unless after a careful consideration of the evidence it is of the opinion that the finding of the trial court is not supported by the weight of the testimony. In this case, as we view the evidence, it preponderates in favor of the finding.

The judgment will be affirmed.

CHADWICK, C. J., MACKINTOSH, MITCHELL, and TOLMAN, JJ., concur.