## B. L. NEWMAN ET UX V. MARY NEWMAN ET AL.

No. A-997. Decided November 27, 1946.
Rehearing overruled January 8, 1947.
(198 S. W., 2d Series, 91.)

*DeWitt Murray*, of Floresville, and *Coleman Gay*, of Austin, for petitioners.

The Court of Civil Appeals erred in holding that Mary Newman was entitled to be reimbursed for her contributions to the capital of the partnership despite the fact that she did not plead any agreement to that effect. Ogden & Johnson v. Bosse, 86 Texas 336, 24 S. W. 798; Adams v. Williams, 112 Texas 469; Johnston v. Ballard, 83 Texas 486.

*Newton & Archer*, of San Antonio, for respondents.

The issue of Mary Newton's right to be reimbursed for her

contributions to the capital stock of the partnership were tried before the lower court without objection of the defendants, and it was not error for the Court of Civil Appeals to hold that she was entitled to such reimbursement. Tew v. Griffith, 187 S. W. (2d) 408; Navarro v. Lamana, 179 S. W. 922.

Mr. Justice Simpson delivered the opinion of the Court.

Respondents, Mary Newman, a widow, and her daughter, Florence Newman, an incompetent person appearing by her mother as next friend, sued the petitioners B. L. Newman, a son of Mary Newman, and his wife, Rebecca Newman, in the district court of Wilson County for the dissolution of a partnership and an accounting. Trial was before the court. The district judge ordered dissolution of the partnership and a sale of its assets, and directed that the proceeds be applied first to the liquidation of partnership debts, next to a return to Mary Newman of $3,-165.00 as capital she had originally put into the partnership, and finally, that the remainder be divided equally between Mary, Florence, B. L. and Bebecca Newman. The Court of Civil Appeals concluded that Mary Newman's capital advance as established by the record was only $1,650.93, and subsequently she filed a remittitur agreeing to this reduction. The Court of Civil Appeals also concluded that a certain truck was the individual property of B. L. Newman. After giving effect to the remittitur and eliminating the truck from the partnership assets, the Court of Civil Appeals affirmed, as thus reformed, the judgment of the trial court. 195 S. W. (2d) 393.

This writ of error was granted upon the apprehension that the judgment allowing Mary Newman credit for her capital advances to the partnership ran counter to an admission in her pleadings to the effect "that she was entitled to only one-fourth of the partnership business." Upon further consideration, however, we conclude that this apprehension was unfounded and that the Court of Civil Appeals correctly disposed of this point.

The respondents, as plaintiffs below, alleged in their petition that the plaintiffs and defendants formed a dairy, cattle raising and farming partnership in 1938, into which Mary Newman put cattle, money and equipment of the value of $4,176.00, and petitioners, the defendant below, agreed to contribute services of management and labor as their part of the enterprise. The petition also alleged that the two plaintiffs and the two defendants were each to own one-fourth of the business; that during the operation of the partnership, a period of some six years, a large

amount of equipment and livestock had been accumulated, which was owned one-fourth by each of the four partners. Accounting and dissolution were sought, and the plaintiffs prayed that after the payment of all just debts of the partnership and the costs of court, "the proceeds be divided between the plaintiffs and defendants according to their respective rights and interests."

There was no repugnance between the allegations that the four partners owned the partnership business and assets equally and the assertion that Mary Newman was entitled upon dissolution to withdraw the value of the capital she originally put into the enterprise. As has been pointed out, she pleaded the fact of her contribution of property and the defendants' contribution of services; she alleged that under the agreement the partnership assets belonged to the four partners equally; she then asked for dissolution and a distribution according to the rights of the parties. Neither her pleadings nor those of the defendants alleged a special agreement taking the partnership arrangement out of the general rule that upon dissolution, where one has contributed capital and another services, the one contributing the capital is entitled to withdraw its value. We conclude that Mary Newman's pleadings fairly reflected her claim, and that if the defendants wished to take the position that she was not entitled upon dissolution to withdraw her capital, it devolved upon them to plead and prove an agreement or arrangement to that effect.

The Court of Civil Appeals correctly concluded that the principles stated by then Associate Justice Gaines in Johnson v. Ballard, 83 Texas 486, 18 S. W. 686, were applicable here. Among other things the opinion in that case observed that where a partnership agreement is silent as to the distribution of the capital upon dissolution, the partners are entitled to share in the capital, not equally, but in proportion to the respective amounts contributed by them; that where one partner furnishes money and another services, upon dissolution the latter necessarily retains his services and it would seem but just that the other should be entitled to withdraw his capital. In harmony with the Johnston v. Ballard case is the reasoning in Bivins v. Proctor, 125 Texas 137, 80 S. W. (2d) 307, also cited by the Court of Civil Appeals in its opinion. The principles under consideration are stated in 40 Am. Jur., Partnership, Sec. 348, where the following language is used:

"The general rule is that where one partner contributes the capital against the other's skill and labor, the former on dissolution of the partnership is entitled to repayment of the cap-

ital contributed by him before any distribution of profits is made; or, to put it in another way, the partnership as between the partners becomes a debtor to the partner advancing the capital to the amount advanced." See also Washington v. Washington (Tex. Civ. App.), 31 S. W. 88; 47 C. J. 1172 et seq.

In the case at bar the partnership agreement as pleaded and proved was silent as to the manner of the distribution of capital upon dissolution. But Mary Newman did plead, and to the extent of $1,650.93 established, that she agreed to and did advance property to the partnership as her share of the undertaking, and that her son and his wife agreed to and did contribute services as their share. These allegations, it is fair to conclude, relate to the right of Mary Newman to withdraw upon dissolution the value of the capital which she had put into the enterprise.

That portion of the plaintiffs' petition which avers that the partnership assets on hand at the time of filing the suit belonged one-fourth to each of the four partners does not militate against nor is it inconsistent with Mary Newman's right upon dissolution to withdraw the value of her capital advance. It was true, as alleged, that the partnership assets did belong one-fourth to each of the four partners, but it was equally true that these assets were charged, upon an accounting and dissolution, with all outstanding liabilities, including the claim Mary Newman had in effect pleaded and proved in respect of the return of her capital contribution. There was no error in treating the pleadings as having sufficiently raised this issue.

The other points urged by the petitioners question the findings of the trial court to the effect that B. L. Newman was the sole managing partner and that he failed to discharge the burden resting upon him of proving up the claims he pleaded against the partnership. A careful examination of the statement of facts compels the conclusion that the trial court was warranted in making these findings, which were upheld by the Court of Civil Appeals. We find no error in the legal conclusions thus reached by the courts below.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered November 27, 1946.

Rehearing overruled January 8, 1947.