## WINKLER v. COX.

No. 12307.

Court of Civil Appeals of Texas. San Antonio.

Oct. 10, 1951.

Supplemental Opinion Oct. 31, 1951.

Rehearing Denied Nov. 7, 1951.

Elbert Jandt, Seguin, for appellant.

Threlkeld, Saegert & Saegert, Seguin, for appellee.

POPE, Justice.

This is an appeal from a judgment on an instructed verdict awarding a real estate commission to a licensed realtor and essentially presents two points: (1) whether the realtor should have proved that he was the procuring cause for the sale in a suit upon the contract in which the seller agreed to pay the agent five per cent "for services rendered," and (2) whether a layman's testimony, when his unexpert qualifications were neither objected to nor questioned, was sufficient to prove the reasonableness of attorney's fees.

By written contract, appellant, F. M. Winkler, agreed to sell certain property to Hilmar Schuchardt and wife. That contract, signed by both Winkler and Schuchardt, provided among other things: "Sellers agree to pay A. B. Cox Realty Exchange, agent, a commission of 5% for services rendered." The contract was prepared and dated in the Cox Real Estate office on September 21, 1949. The cause was tried on the theory that prior to that date Cox had no contract which entitled him to recover a commission, and appellee, Cox, relies entirely upon that contract as grounds for his recovery. Winkler and Schuchardt came into the Cox Real Estate office after they had already agreed between themselves upon the trade, at which time the written contract was prepared for them at their request. Cox thereafter conducted negotiations with the parties incident to financing and closing the deal through the Veterans' Land Board, which required a conveyance, first to that Board and then a reconveyance to Schuchardt, the buyer.

The court excluded all evidence relating to procuring cause and held that it was not necessary for Cox, the realtor, to prove that he was the procuring cause of the purchase and sale. Since this is an appeal from a judgment based on an instructed verdict, we shall take as proved the fact that appellee, Cox, was not the procuring cause. In fact the evidence does not undertake to establish this as one of the elements to appellee's action. Winkler admitted that he was willing, when the contract was signed, to pay the commission to Cox and that he told Cox he was willing, but that he later changed his mind. Winkler also voluntarily reduced the purchase price of the land five hundred dollars below his contract price.

■ Appellee, Cox, prosecuted his action for damages arising from the contract dated September 21, 1949, which imposed upon him the duty of rendering services. He did not sue upon an action arising out of a listing or any other contract which imposed upon him the duty of procuring a buyer. The issue in the cause was whether Cox performed the contract made, and that contract was one that did not require him to procure a buyer. The buyer was already found when Winkler and Schuchardt went into the Cox office to sign a contract. No effort was made to counter the proof that Cox fully performed and rendered every service expected and required of him in aiding the parties in bringing their transaction to completion on such terms as the seller and buyer previously and subsequently agreed upon. Since the contract sued upon did not require Cox to procure a buyer, the issue of procuring cause never became an issue in the case. The court properly excluded the evidence in the suit upon the contract here declared upon. West v. Cashin, Tex. Civ.App., 83 S.W.2d 1001; Donahue v. Fuller, Tex.Civ.App., 5 S.W.2d 1037; Culp v. Browne, Tex.Civ.App., 235 S.W. 675; 12 C.J.S., Brokers, § 91; Moore v. Holman Real Estate Co., 129 Ark. 465, 196 S.W. 479; Clarke v. Blackfoot Water Works, 39 Idaho 304, 228 P. 326; McQuire v. Sinnett, 158 Or. 390, 76 P.2d 472; Maze

250

v. Feuchtwanger, 106 Wash. 327, 179 P. 850.

■ The court allowed appellee an attorney's fee of seventy-five dollars on the strength of the uncorroborated testimony of a single lay witness. No objection was made to the testimony and the witness' qualifications were not questioned, except that, after all evidence was introduced by both parties, appellant, Winkler, protested Cox's motion for instructed verdict and stated, among other things, that there was no evidence relating to attorney's fees. The criticism of the evidence came too late, was too general, and there was no motion to strike. "To allow the opposition to sit silent and lead his adversary to believe the manner of presentation satisfactory, and then when the doors to correction are closed attempt to push him out of the temple of justice, does violence to our conception of right." Sloan Lumber Co. v. Southern Ornamental Iron Works, Tex. Civ.App., 66 S.W.2d 722, 724; Burrow v. Zapp, 69 Tex. 474, 6 S.W. 783.

■ But because the testimony was properly admitted in the absence of a timely and specific objection, does not mean that the opinions expressed about an expert matter are conclusive upon a jury. Even though several experts are unanimous in their opinions, a jury still has the prerogative to weigh the evidence and to agree or disagree with the experts. Simmonds v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332; Bridwell v. Bernard, Tex.Civ.App., 159 S.W.2d 981; Hodges v. Hodges, Tex.Civ.App., 111 S. W.2d 779; Universal Life & Accident Ins. Co. v. Nanes, Tex.Civ.App., 92 S.W.2d 473; Guinn v. Coates, Tex.Civ.App., 67 S.W.2d 621.

■ Since the opinion testimony raised a fact issue for the jury, an instructed verdict should not have been granted. If appellee will file a remittitur within fifteen days from the date of this opinion, in the sum of seventy-five dollars, this Court will reform the judgment appealed from by reducing the judgment in favor of appellee to $312.50, together with interest and costs; otherwise the judg-

ment will be reversed and the cause remanded for new trial. Newman v. Newman, Tex.Civ.App., 195 S.W.2d 393, affirmed 145 Tex. 433, 198 S.W.2d 91.

Supplemental Opinion

Appellee has filed a remittitur as suggested in our original opinion. The judgment of the trial court is reformed so as to reduce the judgment in favor of appellee to $312.50, together with interest and costs, and as so reformed is affirmed.