Edna Lucille Gill DIETZ, Appellant,

v.

Jesse G. DIETZ, Jr., Appellee.

No. 6527.

Court of Civil Appeals of Texas,
El Paso.

July 7, 1976.

Rehearing Denied Aug. 4, 1976.

Campbell & Davidson, John F. Campbell, Austin, for appellant.

Gibbins & Spivey Associated, Inc., Broadus A. Spivey, Patrick Hazel, Austin, for appellee.

OPINION

OSBORN, Justice.

This is an appeal with regard to that part of the judgment in a divorce case which divided the community property. After a trial to the Court without a jury, the trial Court entered a judgment granting a divorce to the husband, restored the wife's prior name, divided the community property, and awarded the wife $500.00 for attorney's fees.

At the time these parties married on July 12, 1974, they both were approximately 50 years old, and each had been previously married and had grown children. The parties separated in November, 1974, reconciled in February, 1975, again separated in April, 1975, and were divorced following the hearing in District Court in August, 1975. The Appellee was a businessman and rancher with a separate estate of approximately $750,000.00. He had an income of $1,000.00 per month from a business in which he owned 49% of the stock, in addition to his income from ranching operations. The Appellant has a real estate broker's license but had no actual income at the time of the divorce. Her separate estate was in the neighborhood of $15,000.00 The trial Court found that the parties' community property consisted of several bank accounts and a certificate of deposit, two vehicles, a farm tractor, and 50 calves. According to values used by the Appellee, the community estate had a value of approximately $49,000.00. The trial Court awarded the Appellant a bank account with a balance of $424.00. The remainder of the community property was awarded to the Appellee.

The Appellant presents one Point of Error, contending that the trial Court erred in making a manifestly unjust division of the community property. The trial Court having awarded the Appellant less than 1% of the community estate and the Appellee in excess of 99% of the community estate, we have concluded that the Point of Error should be sustained.

The primary duty of the trial Court in dividing the community property of the parties is to make a division that is fair, just and equitable. The trial Court may exercise broad discretion in dividing the estate of the parties and such discretion may be corrected on appeal only where it is shown that the disposition is so manifestly unjust and unfair as to constitute an abuse of discretion. While an equal division is not required, there must be some reasonable basis for decreeing an unequal division of the property. To reach a fair, just and

equitable division, the trial Court may set aside separate property of one party to the divorce to the other party. But the separate property of one spouse should not be awarded to the other merely to equalize their comparative wealth. In the exercise of this discretion, the Court may consider, among other things, the age and physical condition of the parties, their relative need for future support, fault in breaking up the marriage, disparity of the earning power of the parties, as well as their business opportunities, capacities and abilities. All of these principles and the authorities from which they emanate have been discussed at some length in the recent opinions in *Cooper v. Cooper,* 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); and *Currie v. Currie,* 518 S.W.2d 386 (Tex.Civ. App.—San Antonio 1974, writ dism'd).

In this case, the trial Court did not attempt to identify or divide the separate property of the parties. No complaint is made in this regard and we see no reason why either party should have been awarded benefits from the separate estate of their spouse. In this case, there is a great difference in the value of the parties' separate estate, but the marriage was of short duration and each party appears to be capable of providing their own support in the future, and there are no minor children involved.

With regard to the community estate, the division is obviously unequal and, we believe, without any reasonable basis. The evidence does reflect that after the parties reconciled in February, 1975, the Appellee provided the Appellant with $8,000.00 to pay off a debt she incurred prior to the marriage. Although there is no finding, the trial Court might well have concluded that this money came from the Appellee's separate estate. Even so, we do not believe that such a finding would justify the unequal division of the community estate.

The Appellee attempted in the trial Court to show through the tracing of funds that most or all of the property determined by the trial Court to be community property was in fact the separate property of Mr. Dietz. The trial Court having decided against him on this contention, he brings to this Court a cross-point contending that as a matter of law the trial Court erred in characterizing his property as community property rather than as his separate estate. We may not consider that cross-point because the Appellee did not except to the judgment, give notice of appeal therefrom, or in any manner apprise the Court of his dissatisfaction with the determination as to what was community property. *West Texas Utilities Company v. Irvin,* 161 Tex. 5, 336 S.W.2d 609 (1960); *Maloney v. Strain,* 410 S.W.2d 650 (Tex.Civ.App.—Eastland 1966, no writ). Even if we could consider the point, the evidence does not establish as a matter of law that the property in dispute was the separate property of the Appellee.

Appellant urges that we reverse and render judgment that each of the parties is entitled to one-half of the community estate, and, in the alternative, suggests that Appellee should be required to file a remittitur of certain items awarded to him by the judgment. Rule 440, Tex.R.Civ.P., does provide in civil cases the Court of Civil Appeals may order a remittitur if the Court " * * * is of the opinion that the verdict and judgment of the trial court is excessive and that said cause should be reversed for that reason only * * *." The Rule by reference to both the "verdict and judgment" would indicate that the Rule applies only in jury cases. But the Rule has been applied and a remittitur ordered in non-jury cases. See *Newman v. Newman,* 195 S.W.2d 393 (Tex.Civ.App.—San Antonio), aff'd 145 Tex. 433, 198 S.W.2d 91 (1946). In *Cooper v. Cooper,* supra, the Court of Civil Appeals in a non-jury divorce case ordered a remittitur to cure the error of the trial Court in dividing the property of the parties.

Having concluded that the division of the community property constituted an abuse of discretion under the facts of this case, that portion of the judgment dividing the estate of the parties will be reversed, ordered severed and remanded for a new trial, unless the Appellee, Jesse G. Dietz, Jr., files with this Court within fifteen days a

remittitur in the amount of that one certain Certificate of Deposit with the First National Bank of Seguin, Texas, in the amount of $13,242.00, awarded to him by the judgment of the trial Court.

In the event the remittitur is timely filed, the judgment of the trial Court is affirmed in all respects. Costs of the appeal will be charged 75% against Appellee and 25% against Appellant.

Affirmed on condition of remittitur.

### ON MOTION FOR REHEARING

■ The Appellee, Jesse G. Dietz, Jr., has filed a motion for rehearing, but has not filed a remittitur. By his first assignment in the motion for rehearing, he contends that we erred in failing to consider his cross point, which asserted that the trial Court erred in characterizing certain property as community property, rather than separate property. The cases are legion which hold that an appellee does not have to file an appeal bond and perfect a separate appeal to complain of some part of the judgment by a cross point, but that, before such cross points may be considered, the appellee must have excepted to the judgment, given notice of appeal therefrom, or in some manner apprised the trial Court of any dissatisfaction with the judgment entered. In addition to the two cases previously cited, also see: *West Texas Utilities Company v. Irvin,* 161 Tex. 5, 336 S.W.2d 609 (1960); *Upjohn Company v. Petro Chemicals Suppliers, Inc.,* 537 S.W.2d 337 (Tex.Civ.App.—Beaumont 1976, writ pending); *National Farmers Organization v. Smith,* 526 S.W.2d 759 (Tex. Civ.App.—Corpus Christi 1975, no writ); *Portwood v. Buckalew,* 521 S.W.2d 904 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.); *Payne v. Lucas,* 517 S.W.2d 602 (Tex. Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.); *White Stores, Inc. v. Crain,* 515 S.W.2d 677 (Tex.Civ.App.—Austin 1974, no writ); *Travelers Indemnity Company v. Pollard Friendly Ford Company,* 512 S.W.2d 375 (Tex.Civ.App.—Amarillo 1974, no writ); *Flagg Realtors, Inc. v. Harvel,* 509 S.W.2d 885 (Tex.Civ.App.—Amarillo 1974, writ ref'd n. r. e.); *Dorbandt v. Bailey,* 453 S.W.2d 205 (Tex.Civ.App.—Tyler 1970, writ ref'd n. r. e.); and *Security Insurance Company v. Pioneer Casualty Company,* 449 S.W.2d 158 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n. r. e.). We conclude that our original determination of the issue is correct, and the assignment of error is overruled.

Appellee urges that based upon the Opinion on motion for rehearing in *Brownstone Park Ltd. v. Southern Union Gas Company,* 537 S.W.2d 270 (Tex.Civ.App.—Austin 1976, writ pending), he is entitled to have his cross point considered since the judgment was favorable to him and he had no reason to object to it. That case is not applicable because that part of the judgment in this case which determined that approximately $49,000.00 worth of assets was community property, rather than the separate property of Mr. Dietz, was not favorable to the Appellee, and he does complain about that part of the judgment in the cross point. He prays that if the judgment of the District Court is not affirmed, then in the alternative that the judgment be modified so that the property awarded to him be determined to be his separate property, rather than community property. Thus, he acknowledges that part of the judgment was not favorable to him, and seeks to have that part of the judgment modified. In order to obtain that relief, it was necessary that he apprise the trial Court of his dissatisfaction with that part of the judgment which he now desires to have modified.

■ We mention all of these cases only because of recent changes in the Rules of Civil Procedure and the issue in future cases. First of all, there is no requirement that an appellant except to the judgment being appealed from, and in this case the judgment has no notation that Appellant excepted to the trial Court's decision. Since January 1, 1976, there is no requirement of a notice of appeal for an appellant in most cases. All of the authorities recognize that an appellee need not perfect an appeal by filing a bond in order to present cross points. Thus, we pose the question that since an appellant need not now except

to the judgment, and need not file a notice of an appeal, must an appellee do so in order to present cross points in a judge-tried case? The question will be particularly relevant where an appellant has not given notice of a partial appeal under Rule 353, Tex.R.Civ.P.

Appellee's other assignments in the motion for rehearing have been considered and are overruled.

Because of the error noted in our original Opinion, which has not been cured by a remittitur filed by the Appellee, the judgment of the trial Court is reversed, and the case remanded to the trial Court, but only insofar as the determination and disposition of property is concerned. We affirm that part of the judgment which grants a divorce and restores the Appellant's prior name, and the award of attorney's fees for the first trial. The affirmance of the attorney's fees, as awarded by the trial Court, is without prejudice to Appellant to seek attorney's fees upon further proceedings. All costs are adjudged against the Appellee.