Maxwell BURKET et al., Appellants,

v.

DELAWARE DRILLING CORPORATION
et al., Appellees.

No. 5852.

Court of Civil Appeals of Texas.

El Paso.

Sept. 6, 1967.

Rehearing Denied Oct. 11, 1967.

Wm. Robert Smith, San Antonio, for appellants.

Pat Maloney, J. C. Grossenbacher, Jr., San Antonio, Marion J. Borchers, New Braunfels, Murray J. Howze, Monahans, for appellees.

Carl Raymond Crites, San Antonio, for amicus curiae.

OPINION

CLAYTON, Justice.

This suit was originally brought as a Trespass to Try Title action by the Delaware Drilling Corporation against Maxwell Burket; Maxwell Burket, Trustee; Insitu Oil, Inc.; James Wheat; Eloise Wheat Moorhead and R. O. Moorhead. Trial was actually had on Plaintiffs' Third Amended Original Petition in which plaintiffs (appellees here) were Delaware Drilling Corporation; Fred Bell, Jr., Assignee and Trustee and as Independent Executor of the Estate of Frederick F. Bell, Sr., Deceased, father of Fred Bell, Jr.; and in behalf of Trina Jonas and Trina Jonas joined by her husband, Romeo Jonas, and Fred Bell, III. Defendants were Maxwell Burket, Maxwell Burket, Trustee, and Insitu Oil, Inc., who are the appellants here.

Further trial pleadings were: Defendants' Fourth Amended Original Answer and Third Amended Original Cross-Action; Plaintiffs' Second Supplemental Petition; and Reply to Defendants' Fourth Amended Original Answer and Third Amended Original Cross-Action.

The property involved is the ownership of a 75% or ¾ working interest in an oil and gas lease covering a 20-acre drilling unit with a producing oil well thereon located near Mentone, Loving County, Texas described in a farmout letter of June 10, 1964 from James Wheat, Eloise Wheat Moorhead and R. O. Moorhead to Insitu Oil, Inc., attention of Trina A. Jonas and accepted by Insitu Oil, Inc., through Trina A. Jonas, President, on June 15, 1964, under the terms of which farmout agreement the working interest was acquired.

Separate pleas of intervention were filed by Russell Wine, Receiver of Delaware Drilling Corporation; Lorene Offer as next friend of her minor son, Russell Bell, Jr., named as an heir in the will of Frederick F. Bell, Sr.; Russell A. Bell, a son and heir of Frederick F. Bell, Sr. and J. C. Grossenbacher, Jr., Temporary Guardian of the Person and Estate of Lillian Bell, non compos mentis and widow of Frederick F. Bell, Sr. All intervenors but Wine filed motions for separate trial of the issues raised by intervention from those involved in the principal suit, and the principal suit was tried to a jury with the plaintiffs, defendants and Wine as the parties thereto.

Judgment adverse to appellants based on jury findings was entered by the court, from which this appeal is taken.

In 36 Texas Law Review 339 under the Comment on Severance and Separate Trial, in Texas, by Robert A. Hall, the statement is made: "(4) The disposition of a severed cause of action may be a final judgment which may be enforced or appealed, but the termination of a separate trial of issues is evidenced by an interlocutory order of the court which is not a final judgment and from which no appeal lies." This article cites us to Sterett v. Dyer, 230 S.W.2d 461 (Tex.Civ.App., 1950; ref.) which holds:

"* * * We do not believe that by adoption of this rule [Rule 174b] it was intended an appeal would lie from the separate trial of claims or issues as authorized by it unless same resulted in a final judgment. The rule does not by use of any language mention or refer to appeal from the judgment or order made in such hearings or trials. We must conclude therefore that such rule does not confer the right of appeal from such judgments or orders, unless they are final or unless such right exists under our established laws. To hold otherwise would subject the appellate jurisdiction of our courts to innumerable appeals from trials of issues thus separated for and on the basis of convenience in the trial court, which would be determined alone by the trial courts."

This rule is as follows:

"Rule 174. Consolidation; Separate Trials

(a) * * *

(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

A more recent expression on the subject is found in North East Independent School District v. Aldridge, Tex., 400 S.W.2d 893, 897 (S.Ct., 1966):

"* * * Analysis of the decisions we have discussed is sufficient to lead us to the statement of a rule for determining, in most instances, whether judgments in which parties and issues made by the pleadings are not disposed of in express language are, nevertheless, final for appeal purposes. When a judgment, *not intrinsically interlocutory in character,* is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties." (Emphasis supplied).

This language is quoted in State v. Starley, 413 S.W.2d 451 (Tex.Civ.App., 1967; n. w. h.). The judgment in the case before us appears to be "intrinsically interlocutory in character" by use of the following language:

"And came the Plaintiffs, DELAWARE DRILLING CORPORATION, FRED BELL, JR., As Assignee and Trustee; TRINA JONAS and husband,

ROMEO JONAS, and FRED BELL, III, in person and by their attorneys of record and announced ready for trial. And came the Defendants-Cross-Plaintiffs, INSITU OIL, INC., MAXWELL BURKET, Individually and MAXWELL BURKET, Trustee, in person and by their attorneys of record and announced ready for trial, subject to Motion for Continuance due to absence of R. O. Moorehead, which Motion was overruled by the Court; *And it appearing that the interests of Intervenors herein have heretofore been ordered by the Court to be tried separately and apart from the claims of the Plaintiffs-Cross-Defendants and the claims of the Defendants-Cross-Plaintiffs, the case proceeded to trial.*

\* \* \* \* \* \*

"4. \* \* \* *the interests of said Intervenors having heretofore been severed and ordered tried separately by this Court.*" (Emphasis supplied).

The judgment of the court is based upon the following expressions in the pleadings and order in the record, i. e.:

By the plaintiffs' Motion for Separate Trial of Issues Raised by Pleadings in Intervention:

"Come now the Plaintiffs in the above entitled and numbered cause, and file this, their Motion for Separate Trial of the Issues Raised by Pleading in Intervention filed herein by Marion J. Borchers, Guardian of the Estate of Lillian Bell, N.C.M. \* \* \*";

By Marion J. Borchers on behalf of Russell A. Bell, a son and heir of Frederick Franklin Bell, Sr., Deceased:

"WHEREFORE, your Intervenor prays that this cause of action be tried before a Jury, that upon the conclusion of the said trial, that the rights of all parties herein be determined, and that the money or property adjudged to belong to the said FREDERICK FRANKLIN BELL, JR. and the other parties Plaintiff here-

in, be held in the registry of the Court until such time that a final judgment be entered herein, and that no final judgment be entered herein, pending a final determination of the rights of the parties by the District Court of Bexar County, Texas, and that the Judgment be only rendered upon due proof of such findings being filed with the Clerk of this Court and with the Judgment *this* is finally entered herein.";

By J. C. Grossenbacher, Jr., Temporary Guardian of the Person and Estate of Lillian Bell, N.C.M. to succeed Marion J. Borchers:

"WHEREFORE, premises considered, Intervenor prays that upon a trial of this cause, no judgment be entered by the court unless and until the interests of the estate of Lillian Bell, N.C.M. in the subject matter of this suit have been determined either by separate hearing in this court, or by appropriate action of the District Court or Probate Court of Bexar County, Texas.";

By J. C. Grossenbacher, Jr.: "Motion of Intervenor, J. C. Grossenbacher, Jr. for Separate Trial of Issues":

"Now comes J. C. Grossenbacher, Jr., Temporary Guardian of the Person and Estate of Lillian Bell, N.C.M., Intervenor, *and* in the above entitled and numbered cause, and files his motion for separate trial (under Rule 174, Rules of Civil Procedure) of issues raised by his Application of Intervention, and the pleadings in intervention filed by other parties in this cause, in connection with the Estate of Lillian Bell, N.C.M., and the Estate of Frederick Bell, Sr., Deceased, \* \* \*"

"WHEREFORE, premises considered, movant prays that the motion for separate trial of the claims of the Estate of Lillian Bell, N.C.M. and the Estate of Frederick Bell, Sr., Deceased, be granted.";

Order for Severance by the Court, as agreed by all parties to this cause:

"BE IT REMEMBERED that on this 28th day of May, 1965, came on to be heard the Joint Motion for Severance of all parties hereto as to the Defendants James Wheat, Eloise Wheat Moorhead and R. O. Moorhead * * *

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that there is severed herefrom as a separate cause on this docket this cause of action as to the Defendants James Wheat, Eloise Wheat Moorhead and R. O. Moorhead * * *

"IT IS FURTHER ORDERED, ADJUDGED and DECREED that this separate cause ordered hereby shall be a separate cause and shall have Cause No. 10,667–A in the District Court of Ward County, Texas, and Cause No. 465–A in the District Court of Loving County, Texas, and shall have the same papers and records of the original cause from which same was severed for a separate cause, and costs of this severed cause, for this Order and subsequent matters shall be separate."

Also worthy of note is Angerstein v. Angerstein, 389 S.W.2d 519, 521 (Tex.Civ.App., 1965; n. w. h.):

"A separate trial on one or more of the issues in a suit, as contemplated by Rule 174, T.R.C.P., results in an interlocutory, non-appealable order determining the claims or issues so tried, but there can be only *one* final judgment, to be entered after *all* [emphasis supplied] claims and issues involved in the suit have been tried. Kansas University Endowment Assn. v. King, supra [162 Tex. 599, 350 S.W.2d 11]; Hall, Severance and Separate Trial in Texas, supra; Rule 301, T.R.C.P. The order entered by the trial court in the instant cause does not dispose of all issues in the case, and is interlocutory, and not a final judgment. Sterett v. Dyer, Tex.Civ. App., 230 S.W.2d 461, writ ref.; Restelle

v. Williford, Tex.Civ.App., 364 S.W.2d 444; Fleming· v. Fleming, [Tex.Civ. App.,] Tex.Civ.App., 203 S.W.2d 989."

 We have arrived at the conclusion that the judgment in the case before us is not a final judgment but is interlocutory in nature and that this appeal therefrom must be dismissed for lack of jurisdiction. This we must do, regardless of whether an assignment of error was presented to us on this phase of the case or not.

We accordingly dismiss this appeal until a judgment has been entered by the trial court which disposes of all issues and all parties and is therefore final.