Maxwell BURKET et al., Appellants,

v.

DELAWARE DRILLING CORPORATION et al., Appellees.

No. 5852.

Court of Civil Appeals of Texas.

El Paso.

Nov. 27, 1968.

Rehearing Denied Dec. 26, 1968.

Wm. Robert Smith, San Antonio, for appellants.

Pat Maloney, J. C. Grossenbacher, Jr., Russell Wine, San Antonio, Murray J. Howze, Monahans, Marion J. Borchers, New Braunfels, Carl Raymond Crites, amicus curiae, San Antonio, for appellees.

### OPINION

PRESLAR, Justice.

This is a suit to determine the ownership of the ⅚ths working interest in a producing oil and gas lease upon a 20-acre tract of land in Loving County, Texas. Trial was to a jury and title was awarded to an intervenor, and the defendants appear as appellants and the intervenor as appellee. We affirm the judgment of the trial court.

Delaware Drilling Corporation and others instituted the suit in the nature of a trespass to try title against Maxwell Burket and others. Burket cross-acted for reimbursement for money advanced and obligations incurred in preservation of the corpus. Pleas in intervention were filed by Russell Wine, Receiver of Delaware Drilling Corporation, Lorene Offer, as next friend of Russell Bell, Jr., a minor, Russell Bell, and J. C. Grossenbacher, Jr., Temporary Guardian of the Person and Estate of Lillian Bell, non compos mentis. Judgment was that the Estate of Lillian Bell, N.C.M., is the exclusive owner of the lease, and that Burket recover $12,032.29 for money expended in preservation of the corpus and $1,750.00 for the use and benefit of William Robert Smith, attorney, for services rendered in the preservation of the corpus.

Previously, this court dismissed the appeal because we regarded the judgment of the trial court as interlocutory in nature rather than a final judgment. 419 S.W.2d 229. The Supreme Court held that the judgment was final as to all parties and issues and was appealable, and it remanded the case to this court to be reinstated upon the docket for disposition upon its merits. Grossenbacher v. Burket, 427 S.W.2d 595.

By their first point of error, appellants urge that there is no evidence that one or more of the appellees was the beneficial owner of the property involved under a constructive trust for the reason that the only evidence which might give rise to a constructive trust was Bell's testimony that the drilling money came from Lillian Bell's estate, and that such evidence must be disregarded under the principle of judicial estoppel. We overrule this assignment of error on the basis that such estoppel was not pleaded nor will the record support a finding that the issue of estoppel was tried by consent.

Rule 94, Texas Rules of Civil Procedure, lists "estoppel" as one of those affirmative defenses which must be specially pleaded. It must be recognized that, strictly speaking, the doctrine of judicial estoppel is not estoppel at all, but arises from positive rules of procedure based on justice and sound public policy. Long v. Knox, 155 Tex. 581, 291 S.W.2d 292. But we are of the opinion that judicial estoppel is included in Rule 94 and must be specially pleaded as an affirmative defense. It has been so held in at least one case, Ward v. Fairway Oil & Gas Co., Civ.App., 1963, 364 S.W.2d 452 (n. w. h.). As to estoppel generally, it is held that the defense must be specially pleaded. 22 Tex. Jur.2d, Estoppel, § 19, p. 689, and numerous authorities there cited. There is sound reason why the rule should apply to judicial estoppel, for a party may escape the

applicability of the doctrine by proof that the prior averment was made inadvertently, or by mistake, fraud, or duress. Thus the claim of judicial estoppel should be pleaded in order that the one sought to be estopped may be prepared to explain it away. There being no pleading of judicial estoppel in the case before us, appellant's point of error Number One is overruled.

■ Error is assigned by Point Number Two that the proof of a constructive trust in favor of the Estate of Lillian Bell is not clear and convincing. This would be too broad an assignment to constitute a "point" of error, but for the argument under it being limited to the testimony of Bell. The complaint is made that the witness is not worthy of belief, and that his testimony is conflicting, and that it conflicts with pre-trial and deposition testimony, conflicts with what other witnesses said he told them, and that it conflicts with reports made by Bell to the Probate Court as Guardian of the Estate of his mother, Lillian Bell, N.C.M. The proposition of law that the credibility of the witness and the weight to be given his testimony is for the trier of facts is too well settled to require the citation of authority, but see Kreis v. Kreis, 75 S.W.2d 938 (err. ref.) for testimony of a witness not unlike that before us. And see 62 Tex.Jur.2d, Witnesses, § 369. To uphold this assignment as made, this court would have to pass on the credibility of the witness, Bell, and that we decline to do, for such is the province of the trier of fact.

■ Point of Error Number Three is to the effect that the court should not have found a constructive trust because the evidence shows that no attorney-client relationship existed between Burket and the Estate of Lillian Bell, N.C.M.; therefore Burket owed no fiduciary duty to such estate. We do not consider a finding that there existed a fiduciary relationship between Burket and the estate is necessary to sustain the court's judgment. The funds of the estate were in the hands of Fred Bell,

Jr., and he wrongfully used them to acquire the property in question in the name of Insitu Oil, Inc. The estate, as intervenor, alleged that the funds were actually owned by it and were held in trust by Bell and his daughter, Trina Jonas. The fraudulent conduct of acquiring the property in the name of Insitu Oil, Inc. with the funds of the estate made the estate the owner of the equitable title, and it created a compelling situation for the court to declare a constructive trust. Mills v. Gray, 147 Tex. 33, 210 S.W.2d 985. Being a constructive trust, one imposed irrespective of the intention of the parties, recovery thereunder is not precluded by the statute of frauds or the Texas Trust Act, Art. 7425b—7, as urged by appellant. Thompson v. Newman, Tex. Civ.App., 378 S.W.2d 879; Howard v. O'Neal, 246 S.W.2d 907 (n. r. e.); Tolle v. Sawtelle, 246 S.W.2d 916 (err. ref.).

Error is assigned as to the court's action in entering judgment giving title to Lillian Bell's estate and divesting Insitu of same because Lillian Bell's estate was not a party to the suit; that her temporary guardian intervened and then, before trial, moved to be severed from the case, which severance was granted. This assignment, and others as to parties and issues, not being disposed of, led to our error in our prior opinion that the judgment of the trial court was not final and appealable. We consider the questions of parties and the final disposition of their rights to be final and disposed of by the Supreme Court's opinion in this case.

■ Burket alleged that he and Bell agreed that Bell would advance the money for the drilling of the well; that should the well be a producer, Bell would recover his advancement, and thereafter they would share the net production on a fifty-fifty basis. The farm-out was to be taken in the name of Insitu because of Bell's many creditors. Bell contended there was no such agreement and that Burket was acting only as his attorney in the matter. By their answer to Issue No. 2, the jurors found that Bell and Burket did not agree that

they would be joint owners. Appellant says that such finding is contrary to the weight of the credible evidence. When the contention is made that the evidence is insufficient or against the great weight and preponderance of the evidence, a court of civil appeals must examine all of the evidence and reverse and remand for a new trial if it concludes that the verdict or finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. We have considered all of the evidence, both pro and con, concerning this finding by the jury, and we conclude that such finding is not against the great weight and preponderance of the evidence.

All points of error of the appellants have been carefully considered, and we are of the opinion that they present no reversible error, and all are therefore overruled. Each is not discussed because they present nothing new or novel, and our reasons for affirmance would add nothing to the jurisprudence of this state.

Appellee brings forth a cross-point that the trial court erred in awarding Maxwell Burket $12,032.29 and William Robert Smith $1,750.00. Appellants oppose our consideration of this point on the grounds that appellee has not perfected an appeal.

 It has long been held that where an appeal is taken by an appellant, an appellee may urge cross-points without taking an independent appeal. Bowman v. Puckett, 185 S.W.2d 228, reversed on other points, 144 Tex. 125, 188 S.W.2d 571; Dallas Electric Supply Co. v. Branum Co., 143 Tex. 366, 185 S.W.2d 427; Rule 420, T.R.C.P. But such right is subject to the limitation that such cross-points must affect the interest of the appellant or bear upon matters presented in the appeal. Bowman v. Puckett (supra); Vector Corp. v. First State B. & T. Co. of Port Lavaca, Tex. Civ.App., 430 S.W.2d 536. We are of the opinion that the record here presents a situation where appellee is entitled to be

heard on the matters complained of by cross-point. Appellee excepted to the judgment, and the matters complained of fall within the scope of the appeal presented by appellants. We are further of the opinion that the judgment of the trial court is correct, and that the cross-point should be overruled.

The judgment of the trial court is affirmed.