**SECURITY INSURANCE COMPANY, Appellant,**

v.

**PIONEER CASUALTY COMPANY, Appellee.**

**No. 15531.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Nov. 13, 1969.

Rehearing Denied Jan. 15, 1970.

Hicks, Hirsch & Hester, Houston, F. Warren Hicks, Houston, of counsel, for appellant.

John P. Mustachio, Houston, Talbert, Giessel, Barnett & Stone, Houston, of counsel, for appellee.

COLEMAN, Justice.

Security Insurance Company brought suit against Pioneer Casualty Company to recover the amount paid in the defense and settlement of a suit by a third party against its insured, B. R. Taylor Trucking

Company. The trial court found that both insurance companies provided B. R. Taylor Trucking Company primary and concurrent coverage and allowed recovery on a pro-rata basis. Security has appealed, contending that Pioneer had the primary coverage and that Security had excess coverage. The principal point of controversy relates to the significance to be attached to a Texas Railroad Commission Form 77 endorsement attached to the policy issued by Security.

J. H. Adams leased a truck to B. R. Taylor Trucking Company. This truck was involved in a collision and the owner of the other vehicle filed a suit against B. R. Taylor seeking damages. J. H. Adams was not named in the suit. Pioneer Casualty was the insurer of the truck owner, J. H. Adams, who was required by the lease to carry such public liability and other insurance coverage as might be required by the Interstate Commerce Commission and State regulatory agencies with such insurance companies as the lessee might select.

Pioneer Casualty was requested to defend the suit against B. R. Taylor and refused to do so. Security then filed an answer on behalf of the Taylor Company and subsequently settled the lawsuit for $1500.00. Security had incurred other expense in the defense of the suit in the amount of $622.31.

The Pioneer Casualty policy issued to Adams was a standard combination automobile policy in which the word "insured" is defined as "the named insured * * * his spouse * * *, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, * * *." Both the employee driving the truck at the time of the collision and B. R. Taylor qualify as an "insured" under the terms of the policy.

The Pioneer policy contained an "other insurance" clause reading:

"If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to temporary substitute automobiles under Insuring Agreement IV or other automobile under Insuring Agreement V shall be excess insurance over any other valid and collectible insurance."

The Security Insurance Company policy issued to B. R. Taylor Trucking Company is almost identical in its terms to that of the Pioneer policy in both the "omnibus" and "other insurance" clauses. It specifically insured the vehicle, but as a non-owned or hired vehicle. A Texas Railroad Commission Form, 77 Motor Vehicle Endorsement, was attached to the policy. This endorsement is required by law as a condition precedent to the privilege of operating as a motor carrier within the State of Texas under the authority of a permit or certificate of convenience and necessity, or as a liquefied petroleum gas licensee within the State of Texas under the authority of a permit or license. The endorsement recites that it is attached for the purpose of making the provisions of the policy conform with the requirements of said law.

Significant provisions of the endorsement follow:

"As provided in said laws, this policy does not cover bodily injuries, sickness or disease sustained by the servants, agents or employees of such motor carrier or such liquefied petroleum gas licensee. Any provision, either in the body of the policy to which this endorsement is attached or in any other endorsement thereon or added thereto now or hereafter in conflict with or contrary to the provisions of this endorsement shall be deemed to be canceled hereby. But it is further understood that this endorsement shall not affect the contract or relation existing under the policy to which this endorsement is attached, as between

the named insured and the company, except as hereinafter stated.

"* * * The coverage granted by this endorsement also applies to automobiles, trucks and trailers belonging to or under the direction of the named insured and not particularly identified in this policy, while the same are being used in the business of carrying property for hire or compensation. * * * and it is agreed that subject to the policy limits, this endorsement covers all sums which the insured shall become legally obligated to pay as damages because of bodily injuries, sickness or disease * * * sustained by any person, other than the named insured or his employees, and injury to or destruction of property * * * occurring during the term of said policy through such operation of such trucks and trailers within the boundaries of the State of Texas. * * *

"Insuring Agreement III captioned 'Definition of Insured' is hereby eliminated as respects the coverage provided by this endorsement, and it is agreed that this endorsement does not cover and shall not be construed to cover, the liability of any person, firm, or corporation, other than the insured named in this policy."

B. R. Taylor, d/b/a B. R. Taylor Trucking Company, was the named insured in the Security policy, and, of course, the defendant in the suit for personal injuries and property damage which gave rise to this dispute. At the time of the collision the truck was being operated by an employee of B. R. Taylor Trucking Company in the course and scope of his employment within the State of Texas.

The question of controlling significance is whether by this endorsement Security becomes liable for the loss sustained as a direct insurer of the vehicle, rather than merely as an insurer under the non-owned or hired vehicle provision.

■ The endorsement provides that it shall not affect the relation existing under the policy between the insured and the insurer, "except as hereinafter stated". It then provides that the coverage "granted by the endorsement" applies to vehicles belonging to or under the direction of the named insured "and not particularly identified in this policy". This coverage is restricted to vehicles, and applies only while the vehicles are being used to carry property for compensation. The protection is given to the named insured only. The vehicle in question comes within the insuring agreement found in the endorsement. It is not necessary to look to the non-owned or hired vehicle provisions to find coverage for the trucking company since the vehicle was under its direction while being used in the business of carrying property for hire.

■ Both the Security policy and the Pioneer policy afforded concurrent coverage to the vehicle and the lessee thereof. B. R. Taylor Trucking Company comes within the definition of an insured in the Pioneer policy, and is the named insured in the Security policy. As to both insurance companies the insured had other insurance against a loss covered by the policy. In such a case the pro-rata clause, rather than the excess insurance clause, applies. Employers Casualty Company v. Transport Insurance Co., 444 S.W.2d 606 (Tex.1969).

This case can be distinguished from Great American Indemnity Co. v. McMenamin, 134 S.W.2d 734 (Tex.Civ.App.-San Antonio, 1939, dism., judgment correct), by the fact that the Security policy specifically covers the vehicle involved in the collision by virtue of the Texas Railroad Commission endorsement.

■ By cross-point appellee has urged that the trial court erred in requiring it to contribute pro rata. Appellee did not except to the judgment, give notice of appeal therefrom, or in any way inform the court of its dissatisfaction with the judgment entered. The point is overruled. Maloney v. Strain, 410 S.W.2d 650 (Tex.Civ.App.-Eastland, 1966).

The judgment is affirmed.