Morris DORBANDT, Appellant,

v.

Sam BAILEY and Ted Saba, Appellees.

No. 470.

Court of Civil Appeals of Texas, Tyler.

March 19, 1970.

Rehearing Denied April 9, 1970.

Second Rehearing Denied April 30, 1970.

Clapp & Beall, Alex Beall, Tyler, for appellant.

Kenneth R. King, Tyler, for appellees.

DUNAGAN, Chief Justice.

Appellant filed suit on April 29, 1969, alleging that appellees purchased appellant's property at a sheriff's sale on March 3, 1965, as trustee for the benefit of appellant. Appellees, in addition to their answer, filed a cross-action to quiet title to the land in question and for damages resulting from the cloud cast upon their title.

Appellant sought an accounting from the appellees of the operation of the alleged joint ownership of the land here involved, and judgment requiring appellees to execute and deliver to him a deed to a ⅓rd interest in all the real estate described in his original petition or for judgment declaring his said interest therein in accordance with an alleged agreement between appellant and appellees. Subsequently, appellees filed a motion for summary judgment, with supporting affidavits of appellees attached, alleging as grounds therefor that (1) there had been no agreement between appellant and appellees concerning such property, either written, oral or oth-

erwise, and (2) any evidence offered by the appellant to sustain his allegations and cause of action would be in violation of the statute of conveyances, Art. 1288, Vernon's Ann.Civ.St. and the statute of frauds, Art. 3995, V.A.C.S. By the other allegations in the motion for summary judgment, appellees plead the two, three and the four-year statute of limitations.

Appellant timely and duly filed his answer to appellees' motion for summary judgment asserting therein that there were genuine issues of facts as to whether or not the two, three or four-year statute of limitations applies to appellant's cause of action, with appellant's controverting affidavit attached.

Appellant states in his affidavit that he and appellee, "SAM BAILEY, agreed to join together in the acquisition and development of a certain tract of land in Smith County, Texas, hereinafter referred to and described as the Swan Lake Development; that in accordance with such agreement a tract of 225 acres * * * was purchased in the name of Sam D. Bailey, * * *; that MORRIS DORBANDT owned several adjoining tracts to the 225 acre tract, which were to be included in the development program; that Defendant, THEO-DORE SABA, became a party in this development operation in February, 1959, the Defendant, THEODORE SABA having purchased an interest, and in addition having loaned a sum of money to the parties in their joint venture in order to facilitate the construction of a lake on a portion of the described property and to aid in the development of Swan Lake". Appellant also stated in his affidavit that in accordance with the oral agreement of the parties, Sam Bailey kept the books and records of the development and maintained a bank account designated as the Swan Lake Account and generally acted for the parties in their venture; that for several years the partnership's income tax return was filed, by the parties to this lawsuit, with the United States Government reporting the income and expenses of the Swan Lake Development; that in 1964, a money judgment was obtained against appellant Dorbandt and thereafter writ of execution was issued to the sheriff of Smith County, Texas, and by virtue of levy and execution the sheriff proceeded to advertise for sale on March 2, 1965, the undivided interest of appellant Dorbandt in the properties in the Swan Lake Development; that prior to such date of sale the appellees orally advised appellant "that they would loan him sufficient funds so that said Defendants would purchase at the Sheriff's sale the interest of" appellant in the properties so advertised for sale, such purchase to be made for the benefit of appellant and that appellees would hold title to the undivided interest of appellant until such time as said loan was repaid or the prorata share of profits due appellant from the Swan Lake Development would have repaid appellees for their expenditures and purchase of appellant's undivided interest at the sheriff's sale; that in reliance upon such statements he did not appear at the sheriff's sale and made no effort to protect his interest in the properties being sold, as he was relying upon the assurance of the appellees that they would purchase his interest and hold for his benefit; that after the purchase at the sheriff's sale by the appellees they told him that his interest was being protected; that appellees did not take any action that would put him on notice that they were claiming possession of such interest adversely to him.

On May 16, 1969, a hearing was had on the motion for summary judgment and at the conclusion of the hearing the court signed and entered an interlocutory judgment granting appellees' motion for summary judgment, to which appellant excepted and gave notice of appeal to this court. Subsequent to the interlocutory summary judgment, trial was had to a jury on the issues of damages raised by appellees' cross-action. On August 1, 1969, the court signed and entered final judgment therein reaffirming the interlocutory summary judgment and vesting title and interest to and in all the

property, here involved, in the appellees and that appellees take nothing by reason of their cross-action for damages against appellant. Appellant timely perfected his appeal from this judgment.

However, on this appeal appellant complains only of the court's action in granting the motion for summary judgment. That portion of the judgment disposing of appellees' cross-action is not before us for review as appellant has not brought forward any point of error asserting any error to this portion of the judgment and appellees did not appeal from said portion of the judgment.

Appellant by his two points of error asserts that (1) there was a material fact controversy, and (2) a material question of fact was raised to the plea and issue of limitations.

In addition to the pleadings, the interlocutory summary judgment was based upon the appellees' motion for summary judgment and appellant's answer thereto and the affidavits of each of the parties.

Appellant in his brief refers this court to a certain portion of the statement of facts which was developed upon the jury trial of appellees' cross-action. This statement of facts was not before the trial court when the motion for summary judgment was granted. In fact, it was not even in existence at that time, as the testimony contained therein was given upon the trial of appellees' cross-action which was some ten days after the summary judgment was heard and disposed of by the interlocutory judgment. This being a summary judgment matter and, as such, the trial court is charged with the duty of considering only the record as it appears before the court at the time of the hearing of the motion for summary judgment. Rule 166-A Texas Rules of Civil Procedure; Dipp v. Rio Grande Produce, Inc., 330 S.W. 2d 700, 702 (Tex.Civ.App., El Paso, 1959, writ ref. n. r. e.) and cases cited therein; Womack v. I. & H. Development Company,

Inc., 433 S.W.2d 937, 940 (Tex.Civ.App., Amarillo, 1968, n. w. h.).

The review of the ruling of a trial court, by an appellate court, will be made on the record that was before said court at the time the ruling was made, and will not, as a rule, consider matters outside of the record. 4 Tex.Jur.2d, p. 237, Sec. 743. Therefore in reviewing the trial court's action on the motion for summary judgment this court cannot give any consideration to the statement of facts referred to which was not before the trial court when it granted the summary judgment.

It appears that appellant and appellees each owned an undivided interest in certain real estate properties in Smith County, Texas. On April 24, 1964, the Peoples National Bank of Tyler, Texas, executor and trustee of the Estate of Z. J. Spruiell deceased, obtained a money judgment against appellant, Morris Dorbandt. By virtue of writ of levy and execution under this judgment, under order of sale, appellant's undivided interest in the property here involved was sold at sheriff's sale on March 2, 1965. There are 4 tracts of land described in appellant's original petition in which the appellant alleges that he owned a ⅓rd interest in and title to at the time of the sheriff's sale. Appellees, Sam Bailey and Ted Saba, purchased one of these tracts at the sheriff's sale and the other 3 tracts were purchased at such sale by the above-named executor and trustee for the Spruiell estate. Both sales were consummated by execution of sheriff's deeds to each of the purchasers. Thereafter on April 5, 1965, the executor and trustee for the Spruiell estate conveyed by a warranty deed the 3 tracts previously purchased at the sheriff's sale to Sam Bailey. Thereafter the appellees by deeds divided or partitioned the 4 tracts of land between themselves.

The summary judgment evidence consisted of the pleadings and affidavits by each of the parties. Such evidence does not show that appellant paid the consideration for the purchase of the property.

There can be no purchase money resulting trust under these circumstances. Cohrs v. Scott, 161 Tex. 111, 338 S.W.2d 127 (1960). There was no agreement in writing, alleged or shown, therefore, under the Texas Trust Act, there can be no valid, enforceable expressed trust. Art. 7425b–7, V.A.C.S.

Under appellant's pleadings and his affidavit a constructive trust should be imposed. Omohundro v. Matthews, 161 Tex. 367, 341 S.W.2d 401 (1960); Fitz-Gerald v. Hull, 150 Tex. 39, 237 S.W.2d 256 (1951); Thompson v. Newman, 378 S.W.2d 879 (Tex.Civ.App., Waco, 1964, n. w. h.); 57 Tex.Jur.2d, p. 456, Sec. 64; Blankenship v. Citizens National Bank of Lubbock, 449 S.W.2d 77 (Tex.Civ.App., Amarillo, 1969, n. w. h. at this time).

Being a constructive trust, one imposed irrespective of the intention of the parties, recovery thereunder is not precluded by the statute of frauds, Art. 1288, V.A.C.S. or the Texas Trust Act, Art. 7425b–7 as defensively pleaded by appellees. Omohundro v. Matthews, supra; Thompson v. Newman, supra; Howard v. O'Neal, 246 S.W.2d 907 (Tex.Civ.App., Eastland, 1952, writ ref. n. r. e.); Burket v. Delaware Drilling Corp., 435 S.W.2d 307 (Tex.Civ. App., El Paso, 1968, writ dism.); Hand v. Errington, 242 S.W. 722 (Tex.Sup.1922).

The law is well established in this State that the four-year statute of limitation does not apply to actions where there is no occasion to set aside or reform a deed. Austin v. Austin, 143 Tex. 29, 182 S.W.2d 355 (1944); Carl v. Settegast, 237 S.W. 238 (Tex.Sup.1922); Jacobs v. Chandler, 248 S.W.2d 825 (Tex.Civ.App., Amarillo, 1952, n. w. h.); Jackson v. Hernandez, 155 Tex. 249, 285 S.W.2d 184 (1955). Neither does the three-year statute, Burnham v. Hardy Oil Co., 108 Tex. 555, 195 S.W. 1139 (1917); St. Louis Union Trust Co. v. Harbaugh, 205 S.W. 496 (Tex.Civ.App., Amarillo, 1918, writ ref.), nor the two-year statute of limitation, Peek v. Berry, 143 Tex. 294, 184 S.W.2d 272 (1944); Home Inv. Co. v. Strange, 109 Tex. 342, 195

S.W. 849 (1917); Schiller v. Elick, 150 Tex. 363, 240 S.W.2d 997, 1001 (1951), apply under the record as developed on the summary judgment hearing.

Since a part of this case is being remanded for a trial on the merits of appellant's cause of action, we point out that the record before us reveals that only one of the tracts of land involved in this lawsuit was purchased at the sheriff's sale by the appellees and that the other 3 tracts were purchased at said sale by the owner of the judgment being satisfied by the sheriff's sale.

This being a summary judgment case, we accept as true all evidence of the party opposing the motion which tends to support such party's contention and give him the benefit of every reasonable inference which properly can be drawn in favor of his position. Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.Sup., 1965); McDonald's Civil Practice, Vol. 4, Sec. 17.26, p. 1395 and authorities cited therein; Maddox v. Flato, 423 S.W.2d 371 (Tex.Civ.App., Corpus Christi, 1967, writ ref., n. r. e.). Therefore, we must accept appellant's version, which, as above pointed out, clearly raises issues of fact as to the right of appellant to impress a constructive trust on his interest in the land that was sold under foreclosure at the sheriff's sale.

"It is not purpose of summary judgment rule to provide either a trial by deposition or a trial by affidavit but rather to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine issue of fact". Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557, 563 (1962). The summary judgment record before us does not disclose a case for summary judgment.

Appellees by way of cross-point complain of the trial court's action in granting appellant cross-defendant's special exception and striking paragraph 9 of their

cross-action. This complaint concerns only an alleged error committed in connection with the trial to a jury on appellees cross-plaintiffs' cross-action. Appellees did not perfect an appeal from the judgment. Horn v. Builders Supply Company of Longview, 401 S.W.2d 143 (Tex.Civ.App., Tyler, 1966, writ ref., n. r. e.) ; Angelina County v. McFarland, 374 S.W.2d 417 (Tex.Sup.1964) ; Neuhoff Bros. Packers v. Acosta, 160 Tex. 124, 327 S.W.2d 434 (1959) ; Peurifoy v. Wiebusch, 125 Tex. 207, 82 S.W.2d 624 (1935). Moreover, the record before us reflects that appellees did not except to the judgment, give notice of appeal therefrom, file motion for a new trial, or in any manner apprise the court of their dissatisfaction therewith. The cross-point is overruled. Maloney v. Strain, 410 S.W.2d 650, 654 (Tex.Civ.App., Eastland, 1966, n. w. h.) ; Security Insurance Company v. Pioneer Casualty Company, 449 S.W.2d 158, 160 (Tex.Civ.App., Houston, 1969, n. w. h. at this time).

The final judgment insofar as it re-affirmed the interlocutory summary judgment is reversed and remanded; the judgment in all other respects is affirmed.

McKAY, J., not participating.

## ON MOTION FOR REHEARING

The appellees in their motion for rehearing view our original decision as reversing and remanding the trial court's judgment insofar as it reaffirmed the interlocutory summary judgment and affirming that portion of the judgment "that title to such premises be quieted in the said Sam Bailey and Ted Saba, their successors and assigns * * *."

Appellees' cross-action against the appellant was primarily a suit for damages, even though they did allege ownership of and title to the land here in question as a basis for their allegations for damages. In the prayer of the said pleading, appellees prayed for judgment quieting title to the tracts of land here involved in addition to

their prayer for damages. The only issues submitted to the jury on appellees' cross-action was in connection with their allegations of damages against the appellant by virtue of two lawsuits and lis pendens notices previously filed by him (appellant) against the appellees involving the title to the same tracts of land here involved which lawsuits on appellant's motion were dismissed. The court submitted no issue to the jury on the trial of the cross-action upon which, from the answers thereto, the court could have made an adjudication of title.

The trial court in the preceding paragraph, in its judgment, to the one quieting title in the appellees, clearly states that the remaining portion of the judgment was based upon the summary judgment as well as the verdict of the jury on appellees' cross-action.

As this court views the final judgment of the trial court, the portion of the judgment adjudicating and quieting title in the appellees, was based upon the interlocutory summary judgment. When the court granted appellees' motion for summary judgment, title was quieted in appellees. There was nothing left to be determined or adjudicated in the trial court but the question of damages raised by appellees' cross-action. The appellant on the cross-action hearing was precluded from further pursuing his claim of title as the court by its interlocutory summary judgment had already determined that issue adversely to him. It was the intention of this court, by its original opinion herein, to affirm only that portion of the trial court's final judgment that denied to appellees any recovery on their cross-action for damages against appellant and reverse and remand the remaining portion of the judgment for another trial.

To clarify the disposition we made of this case in our original opinion, we now declare that the portion of the trial court's final judgment denying to appellees any recovery on their cross-action for damages against

appellant is affirmed and that the remaining portion of the judgment is reversed and remanded for another trial.

Appellees' motion for rehearing is respectfully overruled.

McKAY, J., not participating.