**J. C. GROSSENBACHER, Jr., Guardian of the Person and Estate of Lillian Bell, N.C.M., Petitioner,**

**v.**

**Maxwell BURKET et al., Respondents.**

**No. B–565.**

Supreme Court of Texas.

April 24, 1968.

Pat Maloney, San Antonio, for petitioner.

William Robert Smith, San Antonio, for respondents.

POPE, Justice.

The court of civil appeals, on its own motion, dismissed the appeal because it regarded the judgment of the trial court as interlocutory in nature rather than a final judgment. Burket v. Delaware Drilling

Corp., 419 S.W.2d 229. We reverse that court's judgment of dismissal and remand the cause to the intermediate court for reinstatement upon the docket and for disposition upon the merits of the appeal.

Delaware Drilling Corporation and others instituted this action against Maxwell Burket and others in the nature of a trespass to try title action to establish the ownership of the working interest in an oil and gas lease upon a twenty-acre tract of land in Loving County. As disclosed by the opinion of the court of civil appeals, there were extensive pleadings, a number of additional parties plaintiff and defendant were added by amended pleadings, and several parties intervened. The trial court rendered a judgment upon a jury verdict that title to the disputed property was vested in the estate of Lillian Bell, non compos mentis, one of the intervenors. The court of civil appeals was of the opinion that the judgment was not final and appealable. Art. 2249, Vern.Tex.Civ.Stats. Both petitioners and respondents, by motions for rehearing in that court, urged that the claims of all parties were adjudicated by the judgment. We need to discuss only those parties the court of civil appeals thought were not disposed of by the trial court's judgment.

■ The estate of Lillian Bell, non compos mentis, through Marion J. Borchers, as guardian ad litem, intervened to establish its ownership of the property in suit. It asserted ownership against both the plaintiffs and the defendants. Borchers was succeeded as the representative of that estate by J. C. Grossenbacher, Jr., who intervened as guardian of the person and estate of Lillian Bell, non compos mentis. The opinion of the intermediate court suggests that this is one of the intervenors who was not disposed of by the judgment. It arrives at that conclusion because Grossenbacher, on behalf of the estate, moved for a separate trial of certain issues which the Lillian Bell estate asserted against both the plaintiffs and the defendants. The trial court judgment contains recitals that there was a severance of the issues between the plaintiffs and intervenors, but then specifically states that the Lillian Bell estate effected a settlement with named parties, which settlement the court approved as being in the best interest of the parties. The intermediate court overlooked the decretal portions of the judgment which, after describing the land in dispute, adjudged legal title to "be and such title is here ordered vested in and to the Estate of Lillian Bell, N.C.M. to the exclusion of all other persons, firms or corporations." The judgment fully adjudicated this intervenor's rights against all the parties.

■ Lorene Offer intervened as next friend of her minor son, Russell Bell, Jr., and Russell A. Bell, Sr. intervened on his own behalf. The intermediate court also overlooked the portions of the trial court's judgment which adjudicated their rights in these words: "And it further appearing that the claims of Russell Bell, Jr., by and through Lorene Offer, as next friend; and Russell Bell, Sr. * * * in and to the hereinabove described properties, have been compromised, settled and agreed upon * *. And the Court having been apprised of such settlement agreement and being of the opinion that it is to the best interest of the parties and should be in all things approved. It is further ordered, adjudged and decreed that Russell Bell, Jr., (by and through Lorene Offer as next friend) * * * and Russell Bell, Sr., shall take nothing by virtue of this judgment." Hence, the judgment finally disposed of the claims of those two intervenors.

■ The intermediate court says that Russell Wine, receiver of the plaintiff Delaware Drilling Corporation, also intervened. We are unable to find either a plea or an order for such an intervention. We do find that after Delaware Drilling Corporation sued as plaintiff, one of the cross-plaintiffs named defendant Delaware Drilling Corporation, as well as "pro forma

its Receiver, Russell Wine," as cross-defendants. The trial court disposed of Delaware and its receiver by its judgment that Delaware take nothing in its action; its judgment that the cross-plaintiffs, naming each of them, take nothing; and its judgment in favor of the estate of Lillian Bell that it recover title to the property in suit "to the exclusion of all other persons, firms or corporations."

The trial court's judgment shows that each of the interventions was separately tried or settled, and each one was finally disposed of by one final judgment. Sterett v. Dyer, 230 S.W.2d 461 (Tex.Civ.App.1950, writ ref.) is cited and relied upon by the intermediate court for its order of dismissal. In that case a number of issues remained for trial, and the judgment was interlocutory. All of the parties and issues were disposed of by the trial court in this case.

■ The intermediate court mentions three other parties in its opinion, and may have been under the impression that the judgment should have made some adjudication of their rights. James Wheat, Eloise Wheat Moorhead and R. C. Moorhead were named as defendants, but the trial court severed the cause asserted against them and gave that action a separate docket number. Those parties and their claims went out of the case because of the order of severance. We construe the trial court's judgment as one which adjudicated the rights of all the parties and all of the issues which the court had ordered to be tried separately. Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co., 159 Tex. 550, 324 S.W.2d 200 (1959); Hall, Severance and Separate Trials in Texas, 36 Tex.L.Rev. 339.

The trial court's judgment was final as to all parties and issues and was appealable. The judgment of the court of civil appeals is reversed and the cause is ordered reinstated upon the docket of that court for disposition upon its merits. North East Independent School District v. Aldridge, 400 S.W.2d 893, 898 (Tex.1966).