**MAYFAIR BUILDING CORPORATION et al., Appellants,**

v.

**OAK FOREST BANK, Appellee.**

No. 11638.

Court of Civil Appeals of Texas.

Austin.

May 7, 1969.

Underwood & Holcombe, Houston, for appellants, Decatur J. Holcombe, Louis C. Abernathy, Houston, of counsel.

Ladin, Weycer & Schultz, Albert S. Weycer, Houston, for appellee.

O'QUINN, Justice.

This suit was filed originally by Sharpstown State Bank against Mayfair Building Corporation, William Nathan, Great American Insurance Company, and others, seeking a declaratory judgment that a promissory note in the principal sum of $300,000 executed by Mayfair and Nathan to Sharpstown and a surety bond executed by Great American to secure the note were binding obligations.

After Sharpstown filed suit, Oak Forest Bank, appellee in this appeal, intervened as the holder of a certificate of participation in the note. Oak Forest purchased the certificate from Sharpstown for $250,000 December 7, 1966, the date the note was executed. Maturity date of the note was December 7, 1967.

In November, 1967, Oak Forest Bank assigned its $250,000 beneficial interest back to Sharpstown. Upon this fact Oak Forest later based a motion in district court to dismiss its petition in intervention.

Part of the proceeds of the loan represented by the note for $300,000, together with other funds, were used by Mayfair and Nathan to pay off another promissory note, also in the amount of $300,000, dated July 23, 1966, which was payable to the order of the Central National Bank. This note had been executed by one Lee Wiley. Appellant Nathan was a partner of Wiley in the transaction for which the note to Central National had been given, and Nathan apparently was obligated as a partner upon the debt evidenced by the Central National note. It also appears that Nathan was the principal stockholder of Mayfair Building Corporation.

About the time Central National was making the $300,000 loan to Wiley, Sharpstown State Bank sent letters to Central National in which Sharpstown agreed to lend certain sums of money, along with Oak Forest Bank, to Wiley, and further agreed that if the Wiley note to Central National were not paid prior to due date (January 23, 1967), Sharpstown, along with Oak Forest, would purchase the Wiley note from Central National Bank.

Mayfair and Nathan filed a cross-action against Oak Forest and Sharpstown on these letters, claiming that the letters became the property of Mayfair and Nathan after Central National was paid in full and that Oak Forest and Sharpstown were obligated to purchase respective shares in the Central National note. Oak Forest and Sharpstown took the position in the trial court that no obligation existed to pay respective shares of the Central National note because payment in full discharged the note, as well as any obligation to lend Wiley further sums or to buy any part of the Central National note.

Mayfair and Nathan, as well as Oak Forest Bank, made motions for summary judgment. The trial court granted the motion of Oak Forest that Mayfair and Nathan take nothing by their cross-action against Oak Forest, and dismissed the petition by which Oak Forest had intervened.

The order of the trial court in which this action was taken bore the caption,

"Order granting partial summary judgment and other pre-trial orders." This order, dated May 6, 1968, disposed of various motions and exceptions considered by the court at a pre-trial conference held April 25 and April 26. The order, after disposing of the several motions "for partial summary judgment," including those of appellants and appellee in this appeal, recited:

"To all of which actions, orders and judgments of the Court the defendants-cross-plaintiffs Nathan and Mayfair Building Corporation, and each of them, then and there in open court excepted and objected."

Three days later, on May 9, Nathan and Mayfair ordered a transcript from the district clerk, and subsequently, on May 13 filed notice of appeal and an appeal bond. It is from the action of the trial court as reflected in its order of May 6, 1968, that appellants Nathan and Mayfair bring this appeal.

A jury was selected, and, beginning May 6, 1968, Sharpstown State Bank and Great American Insurance Company introduced evidence, following which the trial court submitted special issues to the jury. The trial court entered a "final judgment" on July 26, 1968.

This judgment referred to the court's previous action, taken May 6 with respect to appellants and appellee in this appeal, as "interlocutory orders for summary judgment," and after stating the action then taken, the court set out that at that time the court, reserved " * * * for trial the issue of whether plaintiff [Sharpstown] was entitled to recover from said defendants [Nathan, Mayfair, and others] attorneys fees, and if so, the amount of attorneys fees recoverable; and reserving for trial all issues of fact and law as between plaintiff and defendant Great American Insurance Company except those disposed of by said order of May 6, 1968."

The trial court, in the judgment of July 26, 1968, provided that, "The interlocutory orders for partial summary judgment dated May 6, 1968, are hereby confirmed and made final * * *," and then set out a final judgment, among other holdings that Nathan and Mayfair " * * * take nothing by reason of their respective cross-actions against intervenor Oak Forest Bank * * *." The judgment also provided that Sharpstown recover attorneys fees and costs of court from Nathan and Mayfair.

Finally, the judgment recited "To all of which actions and judgment of the Court, the defendants William Nathan and Mayfair Building Corporation then and there in open court excepted and gave notice of appeal * * *."

Nathan and Mayfair filed an amended motion for new trial following the judgment of July 26, 1968. The trial court overruled the motion by order dated September 13, 1968, in which it was noted that Nathan and Mayfair gave notice of appeal.

The appeal from this final judgment was not perfected, and Nathan and Mayfair were not appellants in Sharpstown State Bank v. Great American Insurance Company et al., 441 S.W.2d 548 decided by this Court April 9, 1969 (rehearing denied May 7, 1969), which was an appeal from the trial court's judgment of July 26, 1968.

As already observed, the appeal now before us is from the action of the trial court on May 6, 1968.

Appellants Nathan and Mayfair bring three points of error, which we do not reach if this Court is without jurisdiction to determine the appeal as one not taken from a final judgment.

On the question of jurisdiction, Appellants Nathan and Mayfair rely upon Grossenbacher v. Burket, 427 S.W.2d 595 (Tex. 1968) in the following argument, quoted from their brief:

"The Court of Civil Appeals has jurisdiction of this case by reason of the fact

that the order granting summary judgment in favor of Appellee was in fact a final judgment as to Appellants' claims against it, and therefore is appealable.

In this case, the order granting Appellee's Motion for Summary Judgment was entitled ORDER GRANTING PARTIAL SUMMARY JUDGMENT AND OTHER PRETRIAL ORDERS. This order, however, did dispose of all claims between Appellants and Appellee, there being no issues remaining undecided and to be litigated with the rest of the case. In fact, the Order granting the summary judgment also dismissed Appellee Oak Forest Bank from the suit.

The authority substantiating the appealability of the judgment is the recent Supreme Court case of Grossenbacher v. Burket, Tex., 427 S.W.2d 595 (1968). In that case, the Supreme Court ruled that the judgment which stated that certain parties take nothing was final as to those parties.

The same reasoning would apply to the order in the case at bar, since Appellee, having obtained its judgment, was dismissed from the suit."

■ The general rule has been stated by the Supreme Court " * * * that an appeal may be prosecuted only from a final judgment and that to be final a judgment must dispose of all issues and parties." North East Independent School District v. Aldridge, 400 S.W.2d 893 (Tex.1966). As pointed out by the Supreme Court, "The rule is deceiving in its apparent simplicity and vexing in its application."

Grossenbacher v. Burket, supra, upon which appellants rely, is not controlling of the facts in this appeal. In that case there was a severance of issues or causes, and the " * * * judgment shows that each of the interventions was separately tried or settled, and each was finally disposed of by one final judgment." 427 S.W.2d 595, 597, col. 1. The Supreme Court construed

" * * * the trial court's judgment as one which adjudicated the rights of all the parties and all of the issues which the court had ordered to be tried separately." Since the trial court's judgment "was final as to all parties and issues" it "was appealable."

■ In the appeal before us the order of May 6, 1968, indicates in every respect that the order was interlocutory. Trial on the merits before a jury began the same day. The parties rested May 21, and the final judgment, disposing of all issues and parties, including the parties and issues mentioned in the order of May 6, was entered by the court July 26.

■ The order of May 6, 1968, did not expressly direct a severance as authorized under Rule 174, Vernon's Ann.Rules Civ. Proc. Severance may not be accomplished by implication. Pan American Petroleum Corporation v. Texas Pacific Coal and Oil Company, 159 Tex. 550, 324 S.W.2d 200; Thomas v. Shult, 436 S.W.2d 194 (Tex. Civ.App., Houston, 1st Dist., no writ).

In this order, after finding that no genuine issue of fact existed as to the right of Sharpstown State Bank to recover on the $300,000 note against Nathan and Mayfair and after ordering such recovery, the trial court provided in the order

" * * * that any issues as to other relief sought by the plaintiff [Sharpstown State Bank] against said defendants Nathan, Mayfair Building Corporation, and Commercial Investment Fund, Inc., including, but not limited to, attorney's fees, be reserved to be determined at trial.

"To all of which actions, orders and judgments of the Court the defendants-cross-plaintiffs Nathan and Mayfair Building Corporation, and each of them, then and there in open court excepted and objected."

As we have observed, the judgment entered July 26 designated the order of May

6 as "The interlocutory orders for partial summary judgment * * * [which] are hereby confirmed and made final * * *," and provided:

"* * * and it is now Ordered, Adjudged and Decreed by the Court: (a) That defendants-cross-plaintiffs William Nathan and Mayfair Building Corporation and each of them take nothing by reason of their respective cross-actions against intervenor Oak Forest Bank * *"

Appellants contend that the order of May 6 was a final judgment because it disposed of all claims between Appellants Mayfair and Nathan and Appellee Oak Forest Bank and also dismissed Oak Forest from the suit.

Under similar facts the Supreme Court held that "* * * where an interlocutory order is entered disposing of one defendant, that order becomes final, and there is a final judgment, when a subsequent order is entered disposing of the remaining defendants." H. B. Zachry Co. v. Thibodeaux, 364 S.W.2d 192 (Tex.1963). In the Zachry case the Supreme Court expressly adhered "to the holdings of the McEwen cases." McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961); Texaco, Inc. v. McEwen, 356 S.W.2d 809 (Tex.Civ. App., Dallas, 1962, writ ref., n.r.e.).

In the McEwen cases an interlocutory default judgment was taken against Texaco, Inc., and thereafter plaintiffs took a nonsuit as to the other two defendants. It was held that the default judgment became final and effective when the remaining defendants were dismissed. Notwithstanding the earlier default judgment against Texaco, the time for appeal started to run with entry of the final judgment disposing of the remaining defendants. 364 S.W.2d 192, 193, col. 2.

In the appeal before us, the action of the trial court in granting partial summary judgment and dismissing Oak Forest Bank in the order dated May 6 became fi-

nal, and there was a final judgment, when the subsequent judgment of July 26 was entered disposing of the remaining issues and defendants.

Appellants sought to appeal from the order of May 6, instead of the judgment entered July 26, 1968. The appeal was taken from an interlocutory order and not from a final judgment. We are without jurisdiction.

The appeal is therefore dismissed for want of jurisdiction.