**C. A. MICKAN, et ux., Appellants,**

v.

**Arthur H. CARPENTER et al., Appellees.**

**No. 4861.**

Court of Civil Appeals of Texas.

Waco.

Dec. 11, 1969.

Rehearing Denied Jan. 15, 1970.

John R. Duren, Copperas Cove, for appellants.

J. Robert Sheehy, Waco, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by appellants Mickan and wife, from an order dated July 23, 1969, decreeing that a default judgment entered against appellee Vanderloecht, on February 19, 1969 be set aside.

Appellants on January 23, 1969 brought suit for damages arising out of an automobile collision, against appellee Vanderloecht, the owner of an automobile, and against Arthur H. Carpenter, the driver. Thereafter on February 19th, 1969 appellants took default judgment for $999.99 against appellee Vanderloecht, without

in any way disposing of the case against Carpenter.

On April 7th appellee Vanderloecht filed motion to vacate the default judgment, for Bill of Review and for temporary restraining order enjoining appellants from levying execution on the February 19th judgment. The trial court granted temporary restraining order, and set hearing for April 17th, 1969.

The trial court held the hearing on the foregoing motions, on April 17th, but did not rule on same until July 23rd.

On April 17th, appellants moved to dismiss against Carpenter, and the trial court entered order dismissing the cause as to Carpenter, making no reference to the judgment previously entered against appellee Vanderloecht.

On April 28th, appellee Vanderloecht filed motion for new trial, moving the trial court to set aside the default judgment rendered against him on February 19, 1969, and to grant him a new trial.

The trial court on July 23rd, 1969, (entered the order appealed from), held the judgment rendered against appellee Vanderloecht on February 19th, 1969 was not a final judgment, and set aside such judgment.

Appellants appeal contending:

1) The judgment of February 19, 1969 against appellee Vanderloecht was a final judgment.

2) Alternatively the judgment of February 19, 1969 was final because defendant Carpenter was dismissed on April 17th, disposing of all parties therein.

3) Appellee failed to prosecute timely his motion for new trial after final judgment, therefore the order of July 23, 1969, entered by the trial court, was void for want of jurisdiction.

Appellee Vanderloecht has filed motion to dismiss appellants appeal, asserting:

1) The February 19th judgment was not a final judgment, but was only interlocutory.

2) The order of July 23rd was valid in that no final judgment had been entered, and the trial court retained jurisdiction of the case.

We summarize the sequence of events:

1) Mickan sued Vanderloecht and Carpenter; January 23rd.

2) Mickan took default judgment against Vanderloecht; February 19th.

3) Vanderloecht files motion to vacate judgment; April 7th.

4) Hearing held on Motion to vacate; April 17th.

5) Mickan dismisses as to Carpenter; April 17th.

6) Vanderloecht files motion for new trial; April 28th.

7) Trial court sets aside 19th February judgment; July 23rd.

■ Where an interlocutory judgment is entered disposing of one defendant; such order becomes final, and there is a final judgment, when a subsequent order is entered dismissing the remaining defendant. Zachry Co. v. Thibodeaux, Tex., 364 S. W.2d 192; McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706; Texaco Inc. v. McEwen, (NRE) Tex.Civ.App., 356 S.W.2d 809; Mayfair Building Corp. v. Oak Forest Bank (NWH) Tex.Civ.App., 441 S.W. 2d 568.

The foregoing cases further hold that the time for appeal commences to run from the entry of the *final* judgment—the order disposing of the remaining defendant.

■ Applying the foregoing to the instant case: The judgment rendered by default against Vanderloecht on February 19th was interlocutory. When the trial court dismissed Carpenter on April 17th, the 19th February judgment against Vanderloecht became final, as of April 17th. Vanderloecht timely filed his motion for new trial on April 28th. The trial court took no action on such motion, and it was overruled by operation of law 45 days later, on June 12th, by virtue of Texas Rules of Civil Procedure 329b, Section 4. Thirty

**156**

days later or July 12th, the trial court lost jurisdiction of the case. TRCP 329b, Section 5.

The trial court was thus without jurisdiction to enter the order of July 23rd. The trial court being without jurisdiction to enter the July 23rd order; such order is vacated.

Reversed and rendered.