Bostic v. Autry & Tx. Dept. of Ins. 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00602-CV







B. E. Bostic, Appellant



v.



Sandra A. Autry, in her Capacity as Permanent Receiver of First Service Life Insurance


Company and First Service Life, d/b/a First Service Life Insurance Company;


and Texas Department of Insurance, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 457,603-A, HONORABLE PETE LOWRY, JUDGE PRESIDING







 Appellant B. E. Bostic appeals from an order of the district court of Travis County
denying his request for sanctions sought pursuant to chapter 105 of the Texas Civil Practice and
Remedies Code ("Chapter 105 Motion") against appellees Sandra A. Autry as permanent receiver
of First Service Life Insurance Company and First Service Life, d/b/a First Service Life Insurance
Company ("First Service"), and the Texas Department of Insurance ("TDI"). See Tex. Civ. Prac.
& Rem. Code Ann. §§ 105.001-.004 (West 1986).  We will dismiss the appeal for want of
jurisdiction.



PROCEDURAL BACKGROUND


 On February 3, 1989, First Service's receiver filed suit against Bostic and four
other defendants in Cause No. 457,603 (the "Original Cause"), alleging that Bostic and the others,
as past directors of First Service, breached their fiduciary duties in managing First Service. (1) On October 15, 1991, Bostic filed in the Original Cause the counterclaim reflected on
the docket sheet, seeking a declaratory judgment that he had not been a director of First Service. 
On November 14, 1991, Bostic filed in the Original Cause a Chapter 105 Motion for sanctions
for frivolous claim against First Service's receiver. That same day the docket sheet reflects that
Bostic also filed a motion for summary judgment. (2) The trial court denied Bostic's summary
judgment motion on March 6, 1992, and three days later on March 9, the court ordered a separate
trial on Bostic's counterclaim for a declaratory judgment. 

 Following a jury trial, the trial court rendered judgment on June 25, 1992,
declaring that Bostic was not and had never been a director of First Service and ordering First
Service's receiver to take nothing on its claim against Bostic for breach of fiduciary duty. That
same day, the trial court also severed all claims between Bostic and First Service's receiver from
the original proceeding involving other parties into a separate cause designated Cause No.
457,603-A (the "Severed Cause"). The trial court's order makes no express reference to Bostic's
Chapter 105 Motion. The receiver filed a motion for new trial in the Severed Cause on July 24,
1992. The record contains no order denying the receiver's motion, and we presume it was
overruled by operation of law. See Tex. R. Civ. P. 329b(c).


 On July 6, 1992, Bostic filed a supplemental Chapter 105 Motion in the Severed
Cause; no hearing on this motion took place. A year later, on July 7, 1993, Bostic filed a first
amended Chapter 105 Motion in the Original Cause. TDI and the State Board of Insurance filed
a motion to intervene and a motion to strike Bostic's first amended Chapter 105 Motion. (3) 
Following a hearing, the trial court granted TDI and the State Board of Insurance's motion to
intervene and to strike and denied Bostic's first amended Chapter 105 Motion. Although the
motions the trial court considered at the hearing were both filed under the Original Cause number,
the trial court's order on the motions was filed under the Severed Cause number. Bostic appeals
from this order filed under the Severed Cause number.



DISCUSSION


 In his only point of error, Bostic complains that the district court erroneously held
that the claims of First Service's receiver were not claims of a "state agency" within the meaning
of chapter 105 of the Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann.
§ 105.001(3). He thus contends that the district court erroneously denied his Chapter 105 Motion. 
By cross-point of error, TDI argues that the district court erred by not dismissing Bostic's Chapter
105 Motion because it was filed in the Original Cause from which Bostic's claims had been
severed. Alternatively, TDI asserts that the district court should have dismissed the Chapter 105
Motion as untimely filed in the Severed Cause after the district court lost plenary jurisdiction. 

 We initially conclude that Bostic's first amended Chapter 105 Motion was
improperly filed in the Original Cause. When a trial court severs a cause and gives it a separate
docket number, the parties and issues in the original cause transfer to the severed cause. See
Grossenbacher v. Burket, 427 S.W.2d 595, 597 (Tex. 1968). See also Ryals v. Canales, 748
S.W.2d 601, 605 (Tex. App.--Dallas 1988, no writ); Richie v. Ranchlander Nat'l Bank, 724
S.W.2d 851, 854 (Tex. App.--Austin 1986, no writ). In this case, the trial court severed from the
Original Cause all claims between First Service's receiver and Bostic; accordingly, the receiver's
cause of action against Bostic, the judgment awarded in Bostic's favor, and Bostic's original
Chapter 105 Motion were transferred to the Severed Cause. 

 Bostic's first amended Chapter 105 Motion is necessarily predicated on the
receiver's cause of action asserted in the Severed Cause and the judgment rendered in Bostic's
favor in the Severed Cause. See Tex. Civ. Prac. & Rem. Code Ann. § 105.002 (entitling party
to recover attorney's fees and other costs from state agency if court finds that state agency filed
frivolous, unreasonable, or unfounded action and if "the action is dismissed or judgment is
awarded to the party") (emphasis added). As would be expected, Bostic refers to the Severed
Cause in his amended Chapter 105 Motion: "The lawsuit prosecuted by [First Service's receiver,
TDI, and the State Board of Insurance (4)] against Movant Bostic was a frivolous and unreasonable
lawsuit, wholly lacking any foundation, entitling Movant to recover fees and expenses as provided
for in Section 105.004 of the Texas Civil Practice and Remedies Code." Bostic's motion
describes the trial of the Severed Cause and attaches as exhibits the Severed Cause's statement of
facts, jury verdict, and trial-court judgment. Since Bostic's entitlement to recovery under his
amended Chapter 105 Motion is dependant on the outcome of the Severed Cause, we conclude that
the amended Chapter 105 Motion should have been filed under the Severed Cause number. 
Bostic's original Chapter 105 Motion transferred to the Severed Cause pursuant to the trial court's
order severing all claims between Bostic and First Service's receiver; the motion amending that
original Chapter 105 Motion should also have been filed in the Severed Cause. 

 Nevertheless, even if we assume that Bostic properly filed his amended Chapter 105
Motion under the Severed Cause number, (5) we must dismiss Bostic's appeal for want of
jurisdiction because he appeals a trial court order rendered after the expiration of the court's
plenary power. 

 The expiration date of a trial court's plenary power is based on the date the trial
court's judgment becomes final for purposes of appeal. See Tex. R. Civ. P. 329b. The judgment
rendered on June 25, 1992, once severed from the claims against other parties, became a final,
appealable judgment which commenced the appellate timetable. Martinez v. Humble Sand &
Gravel, Inc., 875 S.W.2d 311, 313 (Tex. 1994). The order of severance rendered on the same
day as the judgment specifically stated that the judgment was final:



It is further ORDERED, ADJUDGED and DECREED that with the entry of this
Order of Severance, the judgment attached hereto as Exhibit "A" becomes a final
judgment as to all claims between . . . [the] Permanent Receiver of First Service
. . . as set out in her Second Amended Original Petition and . . . B. E. Bostic as
set out in his Third Amended Original Answer and Counterclaim for Declaratory
Judgment.



(Emphasis added.) Bostic discusses the finality of the judgment in his supplemental Chapter 105
Motion filed July 6, 1992: "On June 25, 1992, this Court entered judgment that [the receiver]
take nothing as to her claims against Mr. Bostic. This judgment has been severed and there is
now a final, appealable judgment against the [receiver] . . . ." (Emphasis added.) 

 On appeal, however, Bostic now argues that the judgment was not final because
it did not dispose of his Chapter 105 Motion in that it did not include a "Mother Hubbard" clause (6)
and because the trial was not "conventional." In North East Independent School District v.
Aldridge, 400 S.W.2d 893, 897-98 (Tex. 1966), the supreme court held: 



When a judgment, not intrinsically interlocutory in character, is rendered and
entered in a case regularly set for a conventional trial on the merits . . . it will be
presumed for appeal purposes that the Court intended to, and did, dispose of all
parties legally before it and of all issues made by the pleadings between such
parties.

Id. The court's presumption relating to conventional trials encompasses severed claims. Id. We
thus recognize that a judgment purportedly disposing of all the parties and all the issues in a
severed cause is final and appealable. Hall v. City of Austin, 450 S.W.2d 836, 838 (Tex. 1970);
see also Mafrige v. Ross, 866 S.W.2d 590, 592 (Tex. 1993) (indicating that judgment that appears
to be final by disposing of all claims or parties should be treated as final). Under these
circumstances, we conclude that the judgment was final, even though it did not expressly dispose
of Bostic's Chapter 105 Motion. A Chapter 105 Motion, as a motion for sanctions and thus
lacking the legal significance of a pleading, does not affect the finality of the judgment upon which
it is based. Cf. Jobe v. Lapidus, 874 S.W.2d 764, 766 (Tex. App.--Dallas 1994, writ denied)
(declaring summary judgment order disposing of all issues in pleadings to be final even though
judgment did not dispose of party's motion for sanctions pursuant to Texas Rule of Civil
Procedure 13); Goad v. Goad, 768 S.W.2d 356, 358 (Tex. App.--Texarkana 1989, writ denied),
cert. denied, 493 U.S. 1021 (1990) (holding that trial court can order Rule 13 sanctions before
or after final judgment). 

 A trial court maintains plenary jurisdiction for thirty days after a judgment is
signed. Tex. R. Civ. P. 329b(d). The filing of a motion for new trial, like the one the receiver
filed in this case extends the trial court's plenary power until thirty days after the motion for new
trial is overruled. Id. 329b(e). Because the judgment rendered in the Severed Cause was a final
judgment, the trial court's plenary jurisdiction in the Severed Cause expired on October 8, 1992,
thirty days after the receiver's motion for new trial filed on July 24, 1992, was overruled by
operation of law. See id. 

 We thus address TDI's alternative cross-point of error: whether Bostic's amended
Chapter 105 Motion filed July 7, 1993, assuming it can be deemed properly filed, survived the
expiration of the district court's plenary jurisdiction. No Texas cases address this issue, but we
find analogous cases addressing timely requests and orders for Rule 13 sanctions to be instructive. 
See Tex. R. Civ. P. 13. (7) 

 While sanctions under Rule 13, like sanctions under Chapter 105, may be imposed
after judgment is rendered, (8) a motion for sanctions requested pursuant to Rule 13 does not survive
the expiration of a trial court's plenary jurisdiction. See Vera v. Perez, 884 S.W.2d 182, 184
(Tex. App.--Corpus Christi 1994, no writ h.) ("A motion . . . must be presented and a ruling
obtained from the trial court during the time that the court has jurisdiction over the cause."); Jobe,
874 S.W.2d at 768 (voiding trial court's imposition of Rule 13 sanctions after it lost plenary
jurisdiction); Warfield Elec. of Tex., Inc. v. Harry Hines Property Venture, 871 S.W.2d 273, 275
(Tex. App.--Eastland 1994, no writ) (holding that trial court lacked jurisdiction to award sanctions
after expiration of plenary power); Hjalmarson v. Langley, 840 S.W.2d 153, 154-55 (Tex.
App.--Waco 1992, no writ). But see Wolma v. Gonzales, 822 S.W.2d 302, 303-04 (Tex. App.--San
Antonio 1991, orig. proceeding) (holding that trial court can impose Rule 13 sanctions after
expiration of plenary power). 

 Following the majority of other courts of appeals, we agree that "[a] court has no
more power to act in sanction matters without jurisdiction than it does elsewhere." Hjalmarson,
840 S.W.2d at 155. As such, we conclude that a trial court cannot impose sanctions under a
Chapter 105 Motion after the court loses plenary jurisdiction. In the instant cause, Bostic did not
timely seek a hearing on his supplemental Chapter 105 Motion filed in the Severed Cause within
the trial court's plenary jurisdiction. Moreover, the hearing on Bostic's amended Chapter 105
Motion, which we assume for the sake of argument was properly filed in the Severed Cause,
occurred well after the trial court's plenary jurisdiction had expired. As such, the trial court's
order on the amended Chapter 105 Motion was rendered after the expiration of its plenary power
and is void. We sustain TDI's cross-point of error. 



 CONCLUSION


 The judgment dated June 25, 1992, was a final judgment in the Severed Cause,
and the trial court's plenary jurisdiction in the Severed Cause expired on October 8, 1992. 
Accordingly, we conclude that the trial court's September 15, 1993 order, ruling on a motion that
should have been filed in the Severed Cause, and not rendered until after the expiration of the trial
court's plenary jurisdiction, is void. We therefore dismiss the appeal for want of jurisdiction. 
See State ex. rel. Latty v. Owens, 38 Tex. Sup. Ct. J. 784, 785 (June 8, 1995). We do not reach
Bostic's point of error. (9)



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Dismissed

Filed: July 19, 1995

Do Not Publish 
1.   This litigation was conducted in conjunction with a larger lawsuit involving TDI, the
State Board of Insurance, First Service's receiver, and the El Paso Electric Company. See El
Paso Elec. Co. v. State Bd. of Ins., No. 3-93-591-CV (Tex. App.--Austin July 19, 1995, no
writ h.). 
2. We presume, although the record does not so reflect, that Bostic's motion for summary
judgment was actually a motion for partial summary judgment on his counterclaim.
3.   In 1991, the legislature reorganized the regulation of insurance in Texas, substituting
TDI for the State Board of Insurance. See Act of May 27, 1991, 72d Leg., R.S., ch. 242,
§ 1.01, 1991 Tex. Gen. Laws 939, 939 (Tex. Ins. Code Ann. art. 1.01A, since amended). 
The State Board of Insurance is not an appellee in this cause.
4.   Although Bostic's motion refers to several plaintiffs, we note that the action he refers to,
that adjudicating his director status in connection to First Service, involved only two parties: 
Bostic and First Service's receiver. The State Board of Insurance and TDI filed a motion to
intervene after Bostic filed his amended Chapter 105 Motion in the Original Cause.
5.   We note that Bostic did file a supplemental Chapter 105 Motion under the Severed Cause
number. In addition, the trial court rendered its order on Bostic's amended Chapter 105
Motion under the Severed Cause number.
6.   A Mother Hubbard clause generally states that all relief not expressly granted is denied. 
Mafrige v. Ross, 866 S.W.2d 590, 590 n.1 (Tex. 1993).
7.   A motion for sanctions under Rule 13, like a Chapter 105 Motion, attacks groundless
claims. See Tex. R. Civ. P. 13. Although broader than a Chapter 105 Motion in that a
motion for sanctions under Rule 13 authorizes the imposition of sanctions against any attorney
or represented party who files groundless claims, Bloom v. Graham, 825 S.W.2d 244, 247
(Tex. App.--Fort Worth 1992, writ denied), a request for sanctions pursuant to Rule 13, if filed
in response to claims brought by a state agency, can meet the procedural requirements of a
Chapter 105 Motion. Attorney Gen. v. Cartwright, 874 S.W.2d 210, 218 (Tex. App.--Houston
[14th Dist.] 1994, writ denied).
8.   See Goad, 768 S.W.2d at 358.
9.   We address the issue of whether the claims of First Service's receiver are the claims of a
"state agency" in El Paso Electric Co. decided this date. We held in that cause that the
appellants could not recover against the receiver on a Chapter 105 Motion. Were we to reach
the merits of Bostic's appeal, we would overrule his point of error for the reasons stated in El
Paso Electric Co. See No. 3-93-591-CV, slip op. at 11.